NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE PALACIOS-AGUILAR, | No. 14-73984 |
| Petitioner, | Agency No. A205-321-220 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the Immigration Judge

Submitted March 9, 2018[**]
Pasadena, California

Before: GOULD and MURGUIA, Circuit Judges, and ZOUHARY,[***] District Judge.

Immigration and Customs Enforcement ("ICE") issued Petitioner Jorge

Palacios-Aguilar a reinstated order of removal in late 2013 after he reentered the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

United States without permission following his previous removal from the United States. Upon his return to the United States, and subsequent apprehension by immigration authorities, he expressed a fear of returning to Mexico to immigration authorities. Palacios-Aguilar stated he feared criminals, who could be colluding with the Mexican government, would kidnap him. Palacios-Aguilar feared he would be a kidnapping target because he would be returning to Mexico from the United States and would be perceived as wealthy. He also feared being unable to provide financially for his family. An asylum officer made a negative fear determination in Palacios-Aguilar's case and an Immigration Judge ("IJ") agreed with the asylum officer's decision following a hearing and after reviewing the asylum officer's notes.

On appeal, Palacios-Aguilar argues he is at risk for persecution or torture in Mexico because he belongs to the "particular social group that is previous U.S. residents, his particular family, and as a parent of a child with a disability based upon the medical condition of his children." We have jurisdiction under 8 U.S.C. § 1252(a)(1). *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 831 (9th Cir. 2016) (citations omitted). Reviewing the IJ's reasonable fear determination for substantial evidence, we deny Palacios-Aguilar's petition. *See id*.

Substantial evidence supports the IJ's determination that Palacios-Aguilar did not establish a reasonable fear of persecution should he be removed to Mexico.

*See id*. This court has determined that persons returning to Mexico from the United States are not a cognizable social group. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010). Moreover, generalized, non-particularized evidence of violence and crime in Mexico, such as Palacios-Aguilar alleges here, cannot establish that it is more likely than not that Palacios-Aguilar would be tortured if he returned to Mexico. *See Delgado-Ortiz*, 600 F.3d at 1152; *Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005) (explaining the petitioner has the burden of proof to establish "that it is more likely than not" that he would be tortured if he was removed) (citation omitted). Finally, even assuming that children with autism and ADHD in Mexico and their parents constitute a particular social group, the record does not support the conclusion that Palacios-Aguilar would be persecuted because of his membership in that group. *See Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1165 (9th Cir. 2013) (Board of Immigration Appeals' determination upheld where substantial evidence supports that the petitioner would not be persecuted because of his membership in a particular social group).

**PETITION DENIED.**