**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELADIO CLEMENTE-PACHECO,

　　　　　　　　Petitioner,

　　v.

JEFFERSON B. SESSIONS III, Attorney
General,

　　　　　　　　Respondent.

No.　16-73082

Agency No. A205-867-999

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 13, 2018
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and TEILBORG,[**] District
Judge.

　　Eladio Clemente-Pacheco ("Clemente"), a native and citizen of Mexico,

seeks review of the Board of Immigration Appeals' ("BIA") affirmance of an

Immigration Judge's ("IJ") denial of his applications for asylum and withholding

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The Honorable James A. Teilborg, United States District Judge for the
District of Arizona, sitting by designation.

of removal and his request for Convention Against Torture ("CAT") relief. We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition for review.

Initially, we reject Clemente's first asylum and withholding of removal claim, because we find unavailing his argument that he suffered past persecution due to the Mexican government's alleged unwillingness or inability to control his abusive father. Substantial evidence supports the BIA's finding that the police were willing and able to control the father, because they always responded when called and detained the father in a mental health institution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

Furthermore, Clemente's claim of a well-founded fear of future persecution on account of membership in his claimed particular social group ("PSG")— indigent Mexicans without familial support and with chronic and perceptible mental illness involving psychosis and with mental disabilities—fails for three reasons.

First, Clemente's claimed PSG is not socially distinct. The record does not show that Mexican "society in general perceives, considers, or recognizes persons sharing the[se] particular characteristic[s] to be a group." *See Matter of W-G-R-*, 26 I. & N. Dec. 208, 217 (BIA 2014), *vacated in part on other grounds sub nom. Reyes v. Lynch*, 842 F.3d 1125 (9th Cir. 2016).

16-73082

Second, substantial evidence supports the BIA's determination that Clemente is not a member of his claimed PSG because he has familial support such that he will not be institutionalized. Clemente contends that he will be institutionalized due to an inability to afford medication that controls his mental illness. Clemente, however, failed to establish this inability, because he did not introduce evidence regarding the price of his medication, Clemente's brother testified that he would provide some financial support, and Clemente can work and earn money while medicated.

Third, substantial evidence supports the BIA's determination that Clemente will not be harmed on account of his membership in his claimed PSG if returned to Mexico. For asylum claims, membership in a PSG must be "one central reason" for a persecutor to harm an applicant. 8 U.S.C. § 1158(b)(1)(B)(i).[1] Here, Clemente complains of squalid institutional conditions that cause harm to all institutionalized persons, including many persons outside of his claimed PSG.

---

[1] The BIA implicitly applied the wrong legal standard to Clemente's withholding of removal claim by finding that this claim was precluded by the failure of Clemente's asylum claim. Although the evidentiary standard is higher in the withholding of removal context—requiring an applicant to justify relief by a preponderance of the evidence, rather than by showing a well-founded fear of future persecution—the legal standard is lower for establishing that harm is imposed on account of membership in a PSG: an applicant for withholding of removal merely needs to show that membership in a PSG is "a reason" rather than a "central reason" for imposing harm on the applicant. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Although the BIA applied the wrong legal standard, we need not remand because Clemente's withholding of removal claim fails due to the other reasons stated above.

This forecloses any conclusion "that the group members were intentionally targeted." *Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1165 (9th Cir. 2013). Accordingly, substantial evidence supports the BIA's determination that membership in Clemente's claimed PSG would not be a "central reason" that the Mexican government would harm him.

Substantial evidence supports the BIA's denial of CAT relief. To qualify for such relief, a petitioner must show, among other things, that it is "more likely than not that the [petitioner] will be tortured upon return to his homeland[.]" *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quoting *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006)).

First, substantial evidence supports the BIA's determination that Clemente failed to show that it was more likely than not that he would be unable to obtain medication in Mexico. Specifically, Clemente's brother promised to provide some financial support, Clemente did not establish the cost of his medication, and Clemente is able to work and earn money if he remains medicated. Additionally, despite Clemente's argument to the contrary, the record does not indicate that one must be institutionalized to receive medication. Therefore, Clemente did not show that he would be unable to obtain medication in Mexico.

Second, substantial evidence supports the BIA's determination that Clemente failed to show that it was more likely than not that he would be

16-73082

institutionalized if he was unable to obtain medication, given that only 10% of Mexicans with mental illnesses receive any form of mental health treatment, let alone become institutionalized.

Third, substantial evidence supports the BIA's determination that Clemente failed to show that it was more likely than not that he would be overmedicated and physically restrained if institutionalized in Mexico.[2] The record indicates that only 36% of institutions utilize prolonged physical restraints, and that overmedication is widespread at half of Mexico's mental health institutions. Nothing suggests that a majority of patients within those institutions are subject to such practices. Thus, Clemente does not adequately allege facts indicating that he has "a chance greater than fifty percent that he will be tortured" if returned to Mexico. *Hamoui v. Ashcroft*, 389 F.3d 821, 827 (9th Cir. 2004) (citing *Khup v. Ashcroft*, 376 F.3d 898, 907 (9th Cir. 2004)).

Fourth, substantial evidence supports the BIA's determination that the Mexican government does not specifically intend to inflict severe pain or suffering on its institutionalized population. *See Villegas v. Mukasey*, 523 F.3d 984, 988–89

---

[2] Clemente contends, for the first time on appeal and in a reply brief, that he will also be subject to psychosurgery and electroconvulsive therapy in a torturous manner. He has waived this argument. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). In any event, the argument fails on the merits, because Clemente does not adequately explain why it is more likely than not that these exceptionally uncommon practices will be used on him.

(9th Cir. 2008).[3] Rather, "the record indicates that the Mexican government has given human rights organizations free access to its mental institutions, and is taking steps to improve conditions," even as serious issues continue to persist. *Id.* at 989.

**PETITION DENIED.**

---

[3] While the overall determination of whether an act is torturous is a matter of law to be reviewed de novo, an inference that an actor specifically intends to cause severe pain or suffering is a matter of fact to be reviewed under the substantial evidence standard. *See Ridore v. Holder*, 696 F.3d 907, 915–17 (9th Cir. 2012) (citing *Kaplun v. Attorney Gen.*, 602 F.3d 260, 271 (3d Cir. 2010)).

16-73082