**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

FRANCISCO JAVIER MENDOZA-ALVAREZ,

*Petitioner*,

v.

ERIC H. HOLDER, JR., Attorney General,

*Respondent*.

No. 08-74386

Agency No. A095-734-117

OPINION

On Petition for Review of an Order of the Board of Immigration Appeals

Argued and Submitted April 10, 2013—Pasadena, California

Filed May 3, 2013

Before: Richard C. Tallman and Milan D. Smith, Jr., Circuit Judges, and Lee H. Rosenthal, District Judge.[*]

Per Curiam Opinion

---

[*] The Honorable Lee H. Rosenthal, District Judge for the U.S. District Court for Southern Texas, Houston, sitting by designation.

## SUMMARY[**]

### Immigration

The panel denied a petition for review of a decision of the Board of Immigration Appeals denying withholding of removal to a citizen of Mexico because petitioner failed to establish that he was a member of a protected social group or that he would more likely than not be persecuted on that basis.

The panel held that petitioner's proposed social group, which petitioner variously describes as consisting of disabled persons or all insulin-dependent diabetics or all insulin-dependent diabetics who suffer from mental illness, did not qualify as a protected social group because it lacked sufficient particularity. The panel further held that substantial evidence supported the Board's determination that petitioner failed to demonstrate that his social group membership would be at least one central reason for being persecuted.

### COUNSEL

Liana Harutunyan, Van Nuys, California, for Petitioner.

Jeffrey Lawrence Menkin, Margaret Kuehne Taylor, United States Department of Justice, Civil Division/Office of Immigration Litigation, Washington, D.C., for Respondent.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

PER CURIAM:

Francisco Javier Mendoza-Alvarez petitions for review of the Board of Immigration Appeals' order denying withholding of removal under 8 U.S.C. § 1231(b) and returning him to Mexico. The record does not show that if Mendoza-Alvarez is returned to Mexico, he faces a clear probability of persecution because of his membership in a particular social group. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

## I.

Mendoza-Alvarez is a Mexican citizen. He was born in 1975 and came to the United States in 1988. In 1994, he was diagnosed with insulin-dependent diabetes. He has been unable to work since a leg injury resulted in the amputation of the toes on his right foot. He has had two eye surgeries to correct diabetes-related problems. In 2007, he went into a diabetic coma lasting several hours. The record shows that he is at risk of further amputation. He has a family history of diabetes and has been told that his grandmother died because she did not receive timely treatment. In addition to diabetes, Mendoza-Alvarez has been diagnosed as suffering from depression and posttraumatic stress disorder, in part due to his childhood with an alcoholic and abusive father, his fears for his own health, and his younger brother's paralysis since the age of 19 from a gunshot wound.

In April 2008, the Immigration Judge denied Mendoza-Alvarez's asylum application and his request for withholding of removal under the Convention Against Torture (CAT), but

granted his request for withholding of removal under 8 U.S.C. § 1231(b)(3)(A). The IJ denied the asylum application because it was filed long after the one-year deadline following Mendoza-Alvarez's arrival in the United States, and no exception applied. Mendoza-Alvarez does not challenge the denial of asylum or withholding of removal under CAT.

The IJ granted the request for withholding of removal under § 1231(b)(3)(A) based on Mendoza-Alvarez's fear of persecution from the "cumulative threat to his survival from poverty and the limiting effects of his disabilities on his employability, access to housing, necessary life saving medications, and physical and mental health treatment." The BIA sustained the DHS's appeal from the IJ's order. The BIA concluded that the social group Mendoza-Alvarez proposed, framed in the terms presented to the BIA—insulin-dependent persons with mental-health problems, including posttraumatic stress and depressive disorders—was not "particular" as the statute requires. The BIA also concluded that the record did not show a clear probability of persecution because of membership in a particular social group.

## II.

Whether a group constitutes a "particular social group," *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010), and the meaning of "persecution" under 8 U.S.C. § 1101(a)(42)(A), *Pitcherskaia v. INS*, 118 F.3d 641, 646 (9th Cir. 1997), are questions of law, which we review de novo. The BIA's factual findings as to the existence of persecution in this case are reviewed for substantial evidence and upheld "if supported by reasonable, substantial and probative evidence on the record considered as a whole." *Tamang v.*

*Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010) (citation omitted).

## III.

To secure withholding of removal, a petitioner must demonstrate that his "life . . . would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). When there is no past persecution, a petitioner must show a clear probability of future persecution. *Wakkary v. Holder*, 558 F.3d 1049, 1059 (9th Cir. 2009). "[C]lear probability" means that "it is 'more likely than not' that the petitioner would be subject to persecution on account of one of the protected grounds." *Tamang*, 598 F.3d at 1091 (quoting *INS v. Cardoza-Fonseca*, 480 U.S. 421, 429 (1987)). Mendoza-Alvarez must show a clear probability that he will be subject to persecution because of his membership in a particular social group.

Mendoza-Alvarez has taken inconsistent positions in describing the social group that he belonged to that was allegedly targeted for persecution. Mendoza-Alvarez has variously described the proposed social group as consisting of all disabled persons; all insulin-dependent diabetics; and all insulin-dependent diabetics who suffer from mental illnesses. The harms that Mendoza-Alvarez asserts are the result of different additional characteristics that may be shared by some, but not all, individuals whose conditions or circumstances may correspond to one or more of these proposed groups. The additional characteristics are an inability to work, a lack of medical insurance, and a lack of money from other sources. These additional characteristics result in an inability to obtain essential medication, including

insulin, that the Mexican government does not make available to those who are not insured and cannot pay.

The first problem is that none of the social groups Mendoza-Alvarez identified is particular. The particularity requirement looks to "whether a group's boundaries are so amorphous that" it cannot be considered a social group. *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1091 (9th Cir. 2013) (en banc). A social group is particular if it "can accurately be described in a manner sufficiently distinct that the group would be recognized . . . as a discrete class of persons." *Matter of S–E–G–*, 24 I. & N. Dec. 579, 584 (BIA 2008). The groups Mendoza-Alvarez proposed, including the group he proposed before the BIA, include large numbers of people with different conditions and in different circumstances. Many individuals in Mexico have serious chronic health problems, including insulin-dependent diabetes or mental illness. Individuals may have these conditions separately or in combination, and in varying degrees of severity. There is evidence in the record that over half of the Mexican population lacks health insurance. Those who lack health insurance must pay for medication that the Mexican government does not provide for free. Insulin is one of these medications.

Individuals who need but cannot obtain life-sustaining medication, including insulin, because of poverty, inability to work, or lack of insurance are far from a particular, discrete social group. *See Li v. INS*, 92 F.3d 985, 987 (9th Cir. 1996) ("Populations whose only common characteristic is their low economic status do not form a social group for asylum

purposes."). Instead, these described groups sweep up a large and disparate population.[1]

Substantial evidence supports the BIA's determination that Mendoza-Alvarez failed to show that if he returned to Mexico, he will be persecuted because of his membership in a particular social group. "The Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution." *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009). As noted, many individuals in Mexico who lack insurance, cannot work, and have no other sources of money cannot obtain certain medications. That is true not only for insulin-dependent diabetics (who may also have mental illnesses), but for many who suffer from grave illnesses and depend on medications to sustain life. If someone suffers harm on grounds that are associated with group membership but also apply to many others, then the harm is not because of membership in a particular social group and there is no basis to conclude that the group members were intentionally targeted. As the BIA and the courts have recognized, an inadequate healthcare system is

---

[1] *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745–46 (9th Cir. 2008) (holding that "young men in El Salvador resisting gang violence, is too loosely defined to meet the requirement for particularity"); *Sanchez-Trujillo v. INS*, 801 F.2d 1571, 1576–77 (9th Cir. 1986) (holding that "young, working class, urban males of military age" is not a particular social group because "[i]ndividuals falling within the parameters of this sweeping demographic division naturally manifest a plethora of different lifestyles, varying interests, diverse cultures, and contrary political leanings").

not persecution and is not harm inflicted because of membership in a particular social group.**[2]**

## IV.

The BIA correctly found that Mendoza-Alvarez failed to show that he is a member of a particular social group within the meaning of the Act or that he will be persecuted because of his membership in a particular social group.

The petition for review is **DENIED**.

---

[2] *See Khan v. Attorney Gen. of U.S.*, 691 F.3d 488, 499 (3d Cir. 2012) ("The lack of access to mental health treatment alone, however, does not create a well-founded fear of persecution." (citation omitted)); *see also Castro-Martinez v. Holder*, 674 F.3d 1073, 1082 (9th Cir. 2011) (finding that a homosexual asylum applicant had not demonstrated persecution because a "lack of access to HIV drugs is a problem suffered not only by homosexuals but by the Mexican population as a whole"); *Ixtlilco-Morales v. Keisler*, 507 F.3d 651, 655–56 (8th Cir. 2007) ("The BIA further concluded that Morales failed to establish that inadequacies in health care for HIV-positive individuals in Mexico was an attempt to persecute those with HIV. Our review of the record convinces us that these conclusions are supported by substantial evidence."); *Raffington v. INS*, 340 F.3d 720, 723 (8th Cir. 2003) (holding that a "medical provider's concern and the Pan American Health Organization's report that Jamaica devotes limited resources to treating those who are mentally ill do not establish a pattern of persecution on account of this disability"); *Raass v. INS*, 692 F.2d 596, 596 (9th Cir. 1982) (persecution requires more than "generalized economic disadvantage").