**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

DEC 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR EDWIN MONTERROSO-SOTO, AKA Oscar Edwin Monterroso,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-70785<br><br>Agency No. A038-089-887<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2013[**]
Pasadena, California

Before: SCHROEDER, CLIFTON, and WATFORD, Circuit Judges.

Oscar Monterroso-Soto petitions for review of an order of removal affirmed

by the Board of Immigration Appeals. We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The record did not compel the conclusion that Monterroso faced a clear probability of persecution, which is required to qualify for withholding of removal. First, the Immigration Judge could properly find, as the BIA agreed, that the testimony by Monterroso and his mother regarding the harm he would face if returned to Guatemala was anecdotal and based on conjecture. Monterroso's testimony was based on his experiences in the United States, rather than his knowledge about Guatemala. His mother's testimony was based on what she observed in Guatemala more than thirty years ago and during a more recent short visit to the country.

Second, the letter from the Guatemalan Consulate and the State Department 2007 Country Report did not compel a finding that Monterroso would experience harm rising to the level of persecution. Persecution generally "does not include mere discrimination, as offensive as it may be." *Fisher v. INS*, 79 F.3d 955, 962 (9th Cir. 1996) (en banc). In addition, "[a]s the BIA and the courts have recognized, an inadequate healthcare system is not persecution . . . ." *Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1165 (9th Cir. 2013) (per curiam) (footnote omitted). The letter from the Guatemalan Consulate stated that Monterroso would face economic hardship and lack access to medical treatment. The Country Report noted that people with physical and mental disabilities lacked access to

employment, education, and healthcare and that the government did not provide them with adequate resources. Those hardships, though unfortunate, would not amount to persecution. The evidence did not compel a conclusion that Monterroso faced a clear probability of persecution.

We need not reach the other arguments made by Monterroso regarding his membership in a proposed social group, including his due process argument, because even if the group satisfied the legal standards, the evidence did not compel the conclusion that he would face a clear probability of persecution as a result of his membership in that group.

Monterroso did not present us with arguments to challenge the determinations that he was ineligible for asylum and that he did not qualify for relief under the Convention Against Torture.

**PETITION DENIED.**