**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ANGEL GOMEZ, | No. 12-73826 |
| Petitioner, | Agency No. A092-486-836 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 10, 2014
San Francisco, California

Before: NOONAN, NGUYEN, and WATFORD, Circuit Judges.

Miguel Angel Gomez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' (BIA) dismissal of his appeal from the

immigration judge's (IJ) denial of withholding of removal.[1] We have

jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[1]  On appeal, Gomez does not challenge the IJ's denial of asylum and relief under the Convention Against Torture.

Gomez's claim that neither the IJ nor the BIA had the benefit of the 2011 Country Report is belied by the record. Further, Gomez's argument that mentally ill persons constitute a cognizable social group misses the mark because the BIA did not reach the question of whether Gomez's proposed group is cognizable. Instead, the BIA found that even assuming his proposed social group is cognizable, Gomez nevertheless failed to demonstrate a clear probability that he would face persecution on account of his membership in that social group. *See* 8 U.S.C. § 1231(b)(3)(A) (providing that in order to be eligible for withholding of removal, the alien must demonstrate that his "life or freedom would be threatened in [his home] country because of [his] race, religion, nationality, membership in a particular social group, or political opinion"); *see also* 8 C.F.R. § 1208.16(b)(2) (providing that absent a showing of past persecution, the applicant who is seeking withholding of removal must establish "that it is more likely than not that he or she would be persecuted on account of" a protected ground).

The BIA's finding is supported by substantial evidence. Gomez failed to point to any evidence in the record showing that it is more likely than not that he will suffer any mistreatment that rises to the level of persecution because of his mental illness. *See Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1165 (9th Cir.

2013) ("[A]n inadequate healthcare system is not persecution and is not harm inflicted because of membership in a particular social group.").

Because the BIA denied Gomez's withholding of removal claim on the merits, we need not reach his argument that the BIA erred in finding that he was previously convicted of a particularly serious crime.

**PETITION DENIED.**