
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA TORRES-DERICHEY, AKA Maria Richey, AKA Maria Del Rosario Torres De Richey, AKA Maria Rosario Torres-Cuevas, | No. 12-72422 |
| | Agency No. A077-990-068 |
| Petitioner, | |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2016[**]
Pasadena, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and MOTZ,[***] Senior
District Judge.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

Maria Torres-Derichey, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

**1.** Torres-Derichey concedes that her asylum application, which she filed more than fifteen years after entering the United States, was untimely. 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.4(a)(2). She must therefore establish "changed" or "extraordinary" circumstances. 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4), (5). She failed to do so.

We have jurisdiction over Torres-Derichey's claim that she established extraordinary circumstances based on her 2002 attempt to adjust her status following her marriage to a U.S. citizen. *Husyev v. Mukasey*, 528 F.3d 1172, 1177–81 (9th Cir. 2008); 8 C.F.R. § 1208.4(a)(5)(iv). However, substantial evidence supports the BIA's rejection of that claim, given that she sought adjustment of status more than five years after her lawful status expired and did not apply for asylum for more than eight years after her application for adjustment of status was denied. *See Husyev*, 528 F.3d at 1181–82; 8 C.F.R. § 1208.4(a)(5). We lack jurisdiction to consider Torres-Derichey's argument that she established extraordinary circumstances based on the serious illness of an immediate family

member, *see* 8 C.F.R. § 1208.4(a)(5)(vi), as that argument was neither presented to nor reached by the BIA, *see* 8 U.S.C. § 1252(d)(1).

We have jurisdiction over Torres-Derichey's claim that she has demonstrated changed circumstances based on her son's birth and diagnosis with disabilities. *See Ramadan v. Gonzales*, 479 F.3d 646, 648 (9th Cir. 2007) (per curiam). But the record does not compel the conclusion that her asylum application was filed "within a reasonable period given those 'changed circumstances,'" given that Torres-Derichey did not file her application until more than seven years after her son was born and approximately four years after he was diagnosed with additional disabilities. 8 C.F.R. § 1208.4(a)(4)(ii). We lack jurisdiction to consider Torres-Derichey's argument that her delay was reasonable because her son's health has deteriorated, as that argument is unexhausted and relies on disputed facts. *See Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013).

**2.** Substantial evidence supports the BIA's denial of Torres-Derichey's claim for withholding of removal. Even if we assume that disabled children in Mexico and their parents constitute a particular social group within the meaning of the Immigration and Nationality Act, the record does not compel the conclusion that Torres-Derichey would likely be persecuted on account of her membership in

this group.  The record does not compel the conclusion that Torres-Derichey's son will accompany her to Mexico, that he will suffer treatment amounting to persecution if he does, or that she will be persecuted as his mother.  *See Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1165 (9th Cir. 2013) (per curiam).

**3.**  The BIA properly denied Torres-Derichey's CAT claim.  The record does not compel the conclusion that it is more likely than not that Torres-Derichey will be tortured by, at the behest of, or with the acquiescence of a Mexican official if she is removed.  *See* 8 C.F.R. §§ 1208.16(c), 1208.18(a).

**PETITION DENIED in part and DISMISSED in part.**