NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR LUNA-CABRIALES, AKA Hector C. Luna | No. 14-70388 |
| Petitioner, | Agency No. A090-811-142 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2017[**]
San Francisco, California

Before:  BEA and N.R. SMITH, Circuit Judges, and ROBRENO, [***] District Judge

Petitioner Hector Luna-Cabriales seeks review of his final order of removal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

issued by the Board of Immigration Appeals ("BIA") on February 6, 2014, affirming the immigration judge's ("IJ") decision ordering him removed to Mexico. We deny the petition for review.

The BIA properly sustained the charge of removability even though service of the conviction record was made several minutes after the IJ had already found him removable. The regulations permit the IJ to extend the time limits for filing documents and for service to be made on the record during the hearing. *See* 8 C.F.R. §§ 1003.31(c), 1003.32(a). The record shows that actual service was accomplished on the record in open court without objection from Petitioner's counsel, thus curing whatever defect may have existed due to the Government's failure to provide Petitioner with the documents at the time they were filed with the IJ. Because Petitioner's aggravated felony conviction for violating Penal Code Section 496d(a) is a sufficient basis to affirm the BIA's removal decision, we need not reach his arguments concerning removability in connection with his alleged additional convictions for violating California Health and Safety Code Section 11377(a).

The BIA was also supported by substantial evidence in its decision to deny withholding of removal under 8 U.S.C. § 1231(b)(3) and protection under the Convention Against Torture. To be entitled to withholding of removal based on a claim of persecution, an alien must demonstrate (1) the existence of a cognizable particular social group, (2) his membership in that particular social group, and (3) a

risk of persecution on account of his membership in the specified particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1143 n.3 (9th Cir. 2016).

While Petitioner submitted evidence documenting alleged governmental acquiescence in the maltreatment of persons institutionalized in Mexican mental health facilities, substantial evidence supported the IJ's determination that he failed to meet his burden of showing a nexus between his stated particular social group — mentally impaired aliens forced to return to Mexico — and persecution on account of being a member of that group. *Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1165 (9th Cir. 2013) (per curiam) ("[A]n inadequate healthcare system is not persecution and is not harm inflicted because of membership in a particular social group.") Substantial evidence supported findings that Petitioner (1) has never been diagnosed with or treated for a mental impairment, (2) can speak Spanish, (3) can earn a living as an auto mechanic, and (4) can live independently outside of an institution.

**PETITION FOR REVIEW DENIED.**