NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EPIFANIO MARTINEZ PEREZ, | No. 16-73326 |
| Petitioner, | Agency No. A070-560-143 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 17, 2018
Seattle, Washington

Before: BERZON and HURWITZ, Circuit Judges, and DEARIE,** District Judge.

Epifanio Martinez Perez, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") dismissing an appeal of

the denial by an Immigration Judge ("IJ") of his applications for withholding of

removal and relief under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Raymond J. Dearie, United States District Judge for the Eastern District of New York, sitting by designation.

jurisdiction pursuant to 8 U.S.C. § 1252 and review the BIA's factual findings for substantial evidence. *See Lopez-Birrueta v. Holder*, 633 F.3d 1211, 1214 (9th Cir. 2011). We deny the petition for review.

1. "[A] petitioner may establish eligibility for withholding of removal (A) by establishing a presumption of fear of future persecution based on past persecution, or (B) through an independent showing of clear probability of future persecution." *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (citing 8 C.F.R. § 1208.16(b)(1)–(2)). Even taking Perez's testimony as true, substantial evidence supports the IJ's and BIA's finding that Perez had not established that the Mexican government was "unable or unwilling to control" his alleged persecutors. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004). When Perez reported his fear of being falsely accused of child molestation to police officers, they assured him that there were no charges pending against him. *See Truong v. Holder*, 613 F.3d 938, 941 (9th Cir. 2010) (per curiam) ("[T]he Truongs' professed belief that the Italian government was complicit in or unwilling to stop their harassment is undermined by the fact that the Truongs repeatedly sought assistance from the Italian police, who dutifully made reports after each incident and indicated that they would investigate."). After Perez's grandfather allegedly threatened him, officers agreed to place Perez in protective custody. Even assuming the truth of Perez's contention that a police officer then accepted a bribe to allow Perez's grandfather and his

2

associates into the jail, Perez does not assert that the police allowed the men to harm him. Rather, he claims officers detained them in a separate cell and then released him well before them.

2. Perez provided country condition reports and expert testimony describing the Mexican police as corrupt. A petitioner may "use generalized country conditions information to show that reporting . . . activity to the police would have been futile, or that doing so might have placed the applicant in greater danger." *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010) (citations omitted). But, "when an applicant attempts to report persecution to the police or request protection from them, the authorities' response . . . may provide powerful evidence with respect to the government's willingness or ability to protect the requestor." *Id.*; *see also Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1056 (9th Cir. 2006) ("Evidence of background country conditions alone cannot establish that specific acts of persecution did or did not occur."). The BIA reasonably found that "while country conditions reflect that there is widespread corruption among local law enforcement in Mexico, such evidence does not negate the fact that [Perez] has sought and received protection from local law enforcement on multiple occasions in [Mexico]."

3. Substantial evidence also supports the BIA's finding that Perez had not established a clear probability of future persecution as an "indigent Mexican[] with serious and apparent mental impairment who lack[s] familial support." Perez

3

previously received mental health treatment in Mexico, paid for by his sister. Moreover, "an inadequate healthcare system is not persecution and is not harm inflicted because of membership in a particular social group." *Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1165 (9th Cir. 2013) (per curiam).

4. "To qualify for CAT protection, a petitioner must show it is more likely than not he or she would be tortured . . . by or with the acquiescence of a government official or other person acting in an official capacity." *Tamang*, 598 F.3d at 1095 (citing 8 C.F.R. §§ 208.16(c)(2), 1208.18(a)(1)). For the reasons noted above, the record does not compel a conclusion that Perez would be tortured with the acquiescence of a government official. *See id*.

**DENIED**.