**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARTIN MOLINA-ORTIZ, | Nos. 15-73487 |
| Petitioner, | 16-71549 |
| v. | Agency No. A205-273-844 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2018[**]
Seattle, Washington

Before: FERNANDEZ, N.R. SMITH, and CHRISTEN, Circuit Judges.

1.     Substantial evidence supports the determination of the Board of Immigration Appeals ("BIA") that Molina-Ortiz failed to establish a reasonable possibility that he will be singled out for persecution as a member of a particular social group or a

---

   [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

member of a disfavored group. Although the BIA did not engage in a complete disfavored group analysis, *see Mgoian v. INS*, 184 F.3d 1029, 1035 n.4 (9th Cir. 1999), substantial evidence nevertheless supports its conclusion. The BIA concluded that Molina-Ortiz did not have an individualized risk of harm. Absent evidence of some individualized risk, Molina-Ortiz cannot establish he will be targeted as a member of this group. *See Wakkary v. Holder*, 558 F.3d 1049, 1064-66 (9th Cir. 2009).

Molina-Ortiz failed to establish an "objectively reasonable fear of future persecution." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc) (internal quotation marks omitted). Although the record establishes that Mexico's mental institutions are lacking, this fact is not direct and specific evidence that Molina-Ortiz will suffer harm. *See Nagoulko v. INS*, 333 F.3d 1012, 1015-16 (9th Cir. 2003). Nor is Molina-Ortiz's speculative testimony of what may happen if he returns to Mexico sufficient to establish fear of future persecution. *Id.* at 1018.

The BIA properly considered how Molina-Ortiz handled past tragedies to help it determine the likelihood of future harm. The BIA also considered country reports with regard to the lack of mental health services for persons without familial support. The BIA recognized the reports but nevertheless concluded that

Molina-Ortiz was not the type of person to succumb to these problems. Notably, Molina-Ortiz maintained a job (with accommodations); did not seek treatment or take medications for his mental health conditions; and had family members in Mexico, who would not turn a blind eye to any suffering he might have. Molina-Ortiz does not point to any evidence in the record that would compel a contrary conclusion.

2.     Substantial evidence supports the BIA's conclusion that Molina-Ortiz failed to establish relief under the Convention Against Torture ("CAT"). Because Molina-Ortiz's CAT claim is based on the same facts as his asylum and withholding of removal claims (that he will be institutionalized if removed), the record does not compel a conclusion that he will be subject to torture if he is removed.

3.     The BIA did not abuse its discretion in denying Molina-Ortiz's motion to reopen. The BIA concluded that the neuropsychologist's new diagnoses and opinion about whether his family could properly care for him were cumulative and did not establish materially changed circumstances warranting reopening. First, the record demonstrates that the new neuropsychological report was not "qualitatively different from the evidence presented at his asylum hearing." *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). Second, the fact that Molina-

Ortiz's family in Mexico was not as equipped as his family in the United States to help him does not establish eligibility for asylum. *Cf. Mendoza–Alvarez v. Holder*, 714 F.3d 1161, 1165 (9th Cir. 2013) (per curiam) (noting that "an inadequate healthcare system is not persecution").

**PETITIONS FOR REVIEW DENIED.**