**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 07 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| DANYLO A. MOSKALYUK, AKA Danylo Moskalyuk, AKA Danylo Andreyavich Moskalyuk, AKA Danylo Andriyovych Moskalyuk,<br><br>Petitioner,<br><br>v.<br><br>MATTHEW G. WHITAKER, Acting Attorney General,<br><br>Respondent. | No.   15-72543<br><br>Agency No. A057-189-518<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2018[**]
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN and IKUTA, Circuit Judges, and STEEH,[***] District Judge.

Danylo Moskalyuk petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ) denying his claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252.

Moskalyuk did not establish that any feared future harm would befall him on account of his membership in his proposed social group, disabled persons with spinal cord injuries in Ukraine, because those feared harms apply to many other groups, and there is no evidence that the proposed social group is intentionally targeted in Ukraine. *See Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1165 (9th Cir. 2013). Therefore, even assuming, as the BIA did, that the proposed social group is cognizable, the BIA's decision that Moskalyuk failed to establish a nexus between any feared persecution and his membership in his proposed social group was supported by substantial evidence. *See Parussimova v. Mukasey*, 555 F.3d 734, 739–41 (9th Cir. 2009). Nor did Moskalyuk establish an objectively reasonable fear of future persecution, because he failed to establish that he had any individualized risk of being singled out for persecution on the basis of his

---

[***] The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

2

membership in the proposed social group, *see Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009), or that there exists a pattern or practice of persecution of similarly situated persons in Ukraine based on their membership in the proposed social group, *see Wakkary v. Holder*, 558 F.3d 1049, 1060–62 (9th Cir. 2009). Because Moskalyuk failed to establish a well-founded fear of future persecution on account of his membership in the proposed social group, his claim for asylum must fail. *See* 8 C.F.R. § 1208.13(b)(2)(i)(A). And, because the "clear probability standard for withholding of removal is more stringent than the well-founded fear standard governing asylum," *Al-Harbi v. INS*, 242 F.3d 882, 888–89 (9th Cir. 2001) (internal citations and quotation marks omitted), Moskalyuk's withholding of removal claim necessarily fails.

Substantial evidence also supports the BIA's denial of Moskalyuk's CAT claim because there is no evidence that the Ukrainian government, or individuals acting with government acquiescence, will more likely than not harm Moskalyuk with the specific intent to inflict severe pain or suffering. *See Villegas v. Mukasey*, 523 F.3d 984, 989 (9th Cir. 2008).

**PETITION DENIED.**