**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

DEC 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JULIAN CAPETILLO,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting
Attorney General,

Respondent.

No.  16-72634

Agency No. A206-357-362

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2018[**]
San Francisco, California

Before:  GOULD and BERZON, Circuit Judges, and BLOCK,[***] District Judge.

Julian Capetillo, a native citizen of Mexico, petitions for review of the

decision of the Board of Immigration Appeals ("BIA"), which affirmed a decision

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

of the Immigration Judge ("IJ"), denying his applications for asylum and withholding of removal and ordering him removed from the United States.[1]

Capetillo argues that he is eligible for asylum and withholding of removal because he is a member of a particular social group—namely, persons who report gang-related murders to authorities. Whether a group constitutes a "particular social group" is a question of law, which we review de novo. *See Mendoza–Alvarez v. Holder*, 714 F.3d 1161, 1163 (9th Cir. 2013) (per curiam). Because the Immigration and Nationality Act ("INA") does not define the term "particular social group," the BIA's construction of the term is entitled to deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *Henriquez–Rivas v. Holder*, 707 F.3d 1081, 1087 (9th Cir. 2013) (en banc); *Lezama–Garcia v. Holder*, 666 F.3d 518, 524 (9th Cir. 2011).

To establish the existence of a particular social group, a petitioner must show that the group is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014). To show "social distinction," the petitioner must present evidence showing that society in general perceives, considers, or recognizes persons sharing the particular

---

[1] The BIA also affirmed the IJ's finding that Capetillo did not qualify for protection under the Convention Against Torture, but Capetillo does not challenge the BIA's decision on that ground for potential relief, so we do not discuss it.

characteristic to be a group. *See Matter of W-G-R-*, 26 I. & N. Dec. 208, 216–17 (BIA 2014), *vacated in part on other grounds by Reyes v. Lynch*, 842 F.3d 1125 (9th Cir. 2016).

The BIA concluded, and we agree, that Capetillo has not established that his proposed social group is socially distinct. At his merits hearing, Capetillo testified that he saw the gang-related murder of his cousin in 2011 while he was living in San Jose, California. He testified that he reported the murder to authorities but that the murderer escaped prosecution by fleeing to Mexico. Capetillo testified that he fears that the murderer, or the murderer's gang affiliates, will target him if he returns to Mexico. So this is a case where Capetillo does not claim that he has suffered past persecution, but rather that he has a reasonable fear of future persecution if he returns to Mexico. But, even if Capetillo could establish that gang members in Mexico were likely to target him for reporting a homicide within the United States in 2011, social distinction is measured by the perception of the society in general, and cannot be satisfied by relying solely on the perspective of the persecutor.[2] *See Pirir-Boc v. Holder*, 750 F.3d 1077, 1083 n.6 (9th Cir. 2014)

---

[2] The persecutor's perspective may be relevant to the analysis in some ways. The BIA has noted at least two ways in which the perception of the applicant's persecutors may be relevant: (1) when persecution may lead to a group's initial recognition as a particular social group, and (2) in cases of persecution on account of imputed grounds. *Reyes v. Lynch*, 842 F.3d 1125, 1136 n.8 (9th Cir. 2016) (citing *Pirir-Boc*, 750 F.3d at 1083 n.6). However, "the persecutors' perception is

(citing *M-E-V-G-*, 26 I. & N. Dec. at 242).  Capetillo has not presented any evidence to show that Mexican society, as a whole, recognizes persons who report gang-related murders to authorities as a distinct social group.

Capetillo argues that he faces a more generalized threat of violent crime if he returns to Mexico, but this argument lacks merit. *See Singh v. I.N.S.*, 134 F.3d 962, 967 (9th Cir. 1998) (holding that "[m]ere generalized lawlessness and violence between diverse populations" is insufficient to grant asylum).

Finally, we decline to remand the case for further consideration because the case law has not changed substantially after the time when the BIA denied Capetillo's appeal.

**DENIED.**

---

not itself enough to make a group socially distinct, and persecutory conduct alone cannot define the group." *M–E–V–G–*, 26 I. & N. Dec. at 242.