NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 6 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERNANDO TORRES-RODRIGUEZ, | No. 19-72296 |
| Petitioner, | Agency No. A205-699-974 |
| v. | |
| JEFFREY A. ROSEN, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 10, 2020
Seattle, Washington

Before: BERZON, MILLER, and BRESS, Circuit Judges.

Fernando Torres-Rodriguez, a citizen of Mexico, petitions for review of an

order of the Board of Immigration Appeals ("BIA") affirming, in relevant part, the

denial of his applications for asylum, withholding of removal, and protection under

the Convention Against Torture ("CAT"). We deny the petition.

1. Substantial evidence supports the BIA's conclusion that Torres-Rodriguez

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

did not demonstrate a nexus between his membership in his claimed particular social group of his family and the harm that he feared. Torres-Rodriguez testified that his father was kidnapped by a drug cartel because the cartel believed he might be related to a Torres family involved with a rival cartel. That Torres-Rodriguez's father was released without further harm supports the BIA's conclusion that the cartel has no continuing animus toward Torres-Rodriguez's family. Torres-Rodriguez also acknowledged that the name Torres is not uncommon in his area and is shared by many people unrelated to him. Torres-Rodriguez's evidence therefore does not compel a finding that his family is being specifically targeted by the cartel on account of their family ties. *See Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1165 (9th Cir. 2013).

Additionally, the immigration judge determined that the harms suffered by Torres-Rodriguez's cousins, who do not share the Torres name, did not confirm that the cartel was interested in attacking Torres-Rodriguez's family because of an imputed connection to another cartel that included people with the name Torres. Instead, those attacks indicated that the cartel directed suspicion and violence generally at people "coming from an area where a rival cartel has power." This conclusion, with which the BIA agreed, is supported by substantial evidence in the record. Torres-Rodriguez testified that the Knights Templar cartel that harmed his cousins believes that all people from the area are affiliated with Jalisco Nueva

Generacion, and that "the majority of the people from there . . . get stopped" by the Knights Templar when going into the city of Zihautanejo. A generalized fear of crime and violence does not establish a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Because the BIA affirmed the immigration judge on nexus grounds, we need not consider the BIA's additional conclusion that Torres-Rodriguez's claimed particular social group of his family is not cognizable under *Matter of L-E-A-*, 27 I. & N. Dec. 581 (A.G. 2019).

2. Although the BIA could have more clearly adopted the immigration judge's findings as to Torres-Rodriguez's CAT claim or discussed the country conditions itself, the BIA did not fail to consider relevant evidence. Where, as here, the BIA's "phrasing seems in part to suggest that it did conduct an independent review of the record" but it provides only a "simple statement of a conclusion[ that] suggests that the BIA gave significant weight to the IJ's findings," we "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Avetova-Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir. 2000). The immigration judge considered and discussed the country conditions evidence in the record, including the fact that Guerrero "is one of the more generally dangerous states at this time." "There is no evidence that the IJ failed to consider [Torres-Rodriguez's] documentary evidence," so a general statement that the IJ has considered the

3

evidence in the record is sufficient. *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006).

Substantial evidence also supports the BIA's conclusion that the immigration judge properly denied Torres-Rodriguez's CAT claim. To qualify for relief under CAT, an applicant must show it is "more likely than not" that he would be tortured if removed. 8 C.F.R. § 1208.16(c)(2). Torres-Rodriguez has not been previously harmed, and his father was kidnapped but released physically unharmed. So nothing in the record suggests that Torres-Rodriguez did suffer or would if returned suffer severe physical or mental pain rising to the level of torture under 8 C.F.R. § 1208.18(a)(1). Torres Rodriguez's claim depends on a chain of events in which he is stopped by the cartel, suspected of being a member of a rival cartel because of his name, and—because he is less well-known in the area than his father—tortured rather than released. The record does not compel a determination that this chain of events is "more likely than not" to occur. The Country Report and other country conditions evidence in the record show that Torres-Rodriguez's family lives in a particularly violent area of Mexico, as the immigration judge acknowledged, but the country conditions likewise do not compel a conclusion that Torres-Rodriguez is more likely than not to be tortured. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 895 (9th Cir. 2018).

The petition for review is **DENIED**.