NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASMIN IDALIA SOLARES GONZALEZ, | No. 19-72319 |
| Petitioner, | Agency No. A206-007-060 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2021**
San Francisco, California

Before: HURWITZ and BRESS, Circuit Judges, and CORKER,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Clifton L. Corker, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Jasmin Idalia Solares Gonzalez[1] ("Solares"), a citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for withholding of removal. We previously remanded for the BIA to consider (1) whether Solares' proposed social group is cognizable and (2) whether her social group was a "reason" for her persecution. *Gonzalez-Solares v. Whitaker*, 742 F. App'x 277, 278 (9th Cir. 2018) (citing *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017)). On remand, the BIA determined that the proposed social group was "young, single women who are targeted for harm in Guatemala." It found this group not cognizable and further found no nexus between this proposed social group and Solares' claimed persecution.

This Court has jurisdiction to review immigration proceedings under 8 U.S.C. § 1252. We deny the petition for review.

1.      We review denials of withholding of removal for substantial evidence and will uphold the denial if it is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (internal quotation marks omitted). The substantial evidence

---

[1]      Although Petitioner's name is spelled differently in Petitioner's and Respondent's brief, we will use the spelling of Petitioner's name as it appears in the Guatemalan national register of persons, both decisions of the BIA, and our previous opinion on this matter, *Gonzalez-Solares v. Whitaker*, 742 F.App'x 277 (9th Cir. 2018).

standard is "highly deferential" and the petitioner must show that "the evidence not only *supports* . . . but *compels* reversal." *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000) (internal quotation marks omitted). The question of whether a proposed social group is cognizable is a matter of law which we review *de novo*. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020); *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014).

2. In his initial opinion, the IJ defined the proposed social group as "young, single women who are targeted for harm in Guatemala." Solares did not challenge this definition in her appeal to the BIA. On remand from this Court, the BIA limited its consideration to the IJ's construction of the group. Solares contends that the BIA improperly conducted its own fact-finding in concluding that the proposed social group was not cognizable [Pet. Br. 7]. But, whether a group constitutes a "particular social group" is a question of law. *Mendoza–Alvarez v. Holder*, 714 F.3d 1161, 1163 (9th Cir. 2013). Moreover, the BIA relied completely on the IJ's construction of the social group.

3. The BIA concluded that the proposed social group was not cognizable because it was defined by the harm suffered. Solares did not raise a challenge to this ruling in her opening brief and has therefore forfeited it. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020); *Kohler v. Inter-Tel Techs*., 244 F.3d 1167, 1182 (9th Cir. 2001).

3

4. Solares next argues that she is entitled to withholding of removal because her status as a "young, single woman" was "a reason" she was persecuted. *See Barajas-Romero*, 846 F.3d at 360. Substantial evidence supports the BIA's denial of this claim. The IJ "specifically found" that the persecutor was motivated by money, not because Solares was a "young, single woman." The BIA correctly found no clear error in that finding. Indeed, Solares' own testimony was consistent with that finding. At the hearing, she never suggested that she believed the extorter was motivated by her status as a young, single woman. Instead, she only testified to his demands for money.

The BIA also conducted its own review of the record as a whole and found that it supported the IJ's denial of withholding. Though the extorter mentioned that Solares was a "very pretty girl," the BIA found that his "focus" in calling her was to "get[] money." The BIA independently applied the *Barajas-Romero* standard and determined that Solares' claimed social group status was not "a reason" she was targeted. Although there was some evidence from which the BIA could have found that Solares' status as a young, single woman was "a reason" she was targeted, the record did not compel that conclusion.

**PETITION FOR REVIEW DENIED.**