NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MING KANG,<br><br>     Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>     Respondent. | No. 16-73976<br><br>Agency No. A087-848-848<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2021[**]
San Francisco, California

Before: WARDLAW and BERZON, Circuit Judges, and PREGERSON,[***]
District Judge.

   Ming Kang ("Petitioner") petitions for review of the Board of

Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ")

---

   [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

   [***]  The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

denial of Petitioner's asylum, withholding of removal, and Convention Against Torture ("CAT") petitions on adverse credibility grounds. We have jurisdiction under 8 U.S.C. § 1252(a). For the reasons discussed below, we deny the petition for review.

**1.** Petitioner contends that the BIA's adverse credibility determination is not supported by substantial evidence. Factual determinations are upheld "if supported by reasonable, substantial and probative evidence on the record as a whole." *Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1163 (9th Cir. 2013) (quoting *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010)). To reverse an adverse credibility finding, the court "must find that the evidence not only supports a contrary conclusion, but compels it." *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) (quoting *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n.1 (1992)) (alteration and emphases omitted). Credibility determinations must take into account the totality of the circumstances and all relevant factors, and must be supported by "specific and cogent reasons." *Shrestha v. Holder*, 590 F.3d 1034, 1040, 1044 (9th Cir. 2010) (quoting *Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir. 2009)).

The BIA identified inconsistencies between Petitioner's live testimony and his written statement, between Petitioner's live testimony and his father's letter, and between Petitioner's live testimony and the information Petitioner gave to the Asylum Officer. The BIA noted inconsistencies in the number and nature of police

2

beatings Petitioner allegedly suffered during his detention. Petitioner's alleged history of beatings by police was material to Petitioner's asylum application. *See id.* at 1046-47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight.").

The BIA also noted discrepancies regarding the medical treatment Petitioner allegedly received after his release from detention and regarding Petitioner's living situation at the time of his arrest. Petitioner testified that his father, after bailing Petitioner out of jail, took him to a clinic to receive treatment. However, Petitioner's father stated in his supporting letter that he took Petitioner home after bailing Petitioner out. Petitioner also testified that he received daily medical treatment for about a week after his release. However, Petitioner's written declaration did not include any statements regarding medical treatment.

Petitioner next testified that he lived by himself at the time of his arrest, but Petitioner told the Asylum Officer that he lived with a roommate at the time of his arrest. Petitioner's living situation was pertinent to Petitioner's claim for asylum because he told the Asylum Officer that he suspected that his roommate was the person who reported him to the police.

The IJ provided Petitioner opportunities to explain the above inconsistencies. *See Rizk*, 629 F.3d at 1088 ("[T]he IJ must give the petitioner the

3

opportunity to provide an explanation of an apparent inconsistency.").  Upon review of the record, we conclude that the BIA's conclusion that Petitioner's explanations were unpersuasive was supported by substantial evidence.

The agency also determined that Petitioner's demeanor negatively impacted his credibility and provided specific examples of Petitioner's unresponsiveness. *Ling Huang v. Holder*, 744 F.3d 1149, 1153 (9th Cir. 2014) ("The need for deference is particularly strong in the context of demeanor assessments."). Because the IJ's demeanor assessment is given particularly strong deference, and Petitioner has not presented evidence in the record sufficient to overcome this deference, the BIA did not err in relying on a negative demeanor assessment in deeming Petitioner not credible.

We conclude that the BIA's adverse credibility determination is supported by substantial evidence.  Petitioner's supporting evidence was insufficient on its own to establish his claim for asylum.  Absent credible testimony, and absent sufficient supporting evidence, Petitioner failed to establish eligibility for asylum. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**2.**  The standard for withholding of removal is higher than that for asylum. *Canales-Vargas v. Gonzales*, 441 F.3d 739, 746 (9th Cir. 2006).  Because the adverse credibility determination was fatal to Petitioner's asylum claim, it also

4

precluded a grant of withholding of removal. *See Farah*, 348 F.3d at 1156; *Pedro-Mateo v. I.N.S.*, 224 F.3d 1147, 1150 (9th Cir. 2000).

**3.** To obtain CAT relief, a petitioner need only show that it is more likely than not that he will be tortured "by or at the instigation of[,] or with at the consent or acquiescence of[,] a public official or other person acting in an official capacity" if removed from the United States. *Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003) (emphasis omitted) (quoting 8 C.F.R. § 208.18(a)(1)). An adverse credibility determination is, therefore, not necessarily fatal to a CAT claim, which can succeed on the basis of background documentary evidence alone. *Shrestha*, 590 F.3d at 1048. However, here, Petitioner has failed to identify evidence in the record demonstrating that he would more likely than not be tortured by or at the instigation of a public official if returned to China. Therefore, we conclude that substantial evidence supports the agency's denial of CAT relief.

**Petition for review DENIED.**