NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERICK BENJAMIN JAIMES LOPEZ, | No.    21-71049 |
| Petitioner, | Agency No. A214-231-292 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2022
Seattle, Washington

Before:  BOGGS,[**] HURWITZ, and KOH, Circuit Judges.

Erick Benjamin Jaimes Lopez, a citizen of Mexico, petitions for review of a

decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from

an order of an Immigration Judge ("IJ") denying withholding of removal and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

protection under the Convention Against Torture ("CAT").[1] We deny the petition.

1. Lopez claims he will be persecuted in Mexico because of his membership in three proposed social groups: "Mexican males with perceptible mental health disorders," "Mexican males with chronic PTSD," and "Mexican males with neurocognitive disorder." We need not decide whether these proposed social groups are cognizable, because even if they are, substantial evidence supported the agency's conclusion that Lopez failed to establish eligibility for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(A); *Acevedo Granados v. Garland,* 992 F.3d 755, 761 (9th Cir. 2021). The IJ acknowledged evidence in the record that staff within Mexican psychiatric hospitals have physically abused patients, but reasonably found that Lopez failed to show that he is likely to be institutionalized in Mexico because he had never received treatment or been hospitalized in the United States, and only his mother was aware of his condition. Even if Lopez were institutionalized in Mexico, substantial evidence supported the IJ's finding that Lopez failed to establish a likelihood of persecution. *See Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1165 (9th Cir. 2013) ("[A]n inadequate healthcare system is not persecution and is not harm inflicted because of membership in a particular social group.").

2. Substantial evidence also supported the denial of CAT relief. *See* 8 C.F.R.

---

[1]    The IJ found that Lopez's assault conviction rendered him ineligible for asylum, and Lopez does not contest that determination.

§ 1208.18(a)(1). The record does not compel a finding that Lopez would be tortured if removed. *See Villegas v. Mukasey*, 523 F.3d 984, 989 (9th Cir. 2008) (finding that conditions in the Mexican mental health system did not warrant CAT relief where "nothing indicates that Mexican [mental health] officials . . . created these conditions for the specific purpose of inflicting suffering upon the patients"). Nor, even assuming that arrestees with mental health conditions are sometimes tortured by Mexican law enforcement, does the record compel a finding that Lopez will likely be arrested if removed, let alone tortured after any arrest. Lopez's argument that the IJ failed to consider the "aggregate risk" of torture also fails. *See Guerra v. Barr*, 974 F.3d 909, 916 (9th Cir. 2020). The IJ acknowledged the "hypothetical possibility that any or all of the things [Lopez] fears might come to pass," but reasonably found that possibility insufficient to demonstrate a probability of torture.

**PETITION FOR REVIEW DENIED.**