**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ANGEL VIDES HERNANDEZ, | No. 21-1241 |
| Petitioner, | Agency No. A205-718-830 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2023**
Pasadena, California

Before: SANCHEZ and MENDOZA, Circuit Judges, and DONATO, District
Judge.***

Jose Angel Vides Hernandez (Vides Hernandez), a native and citizen of

El Salvador, petitions for review of the Board of Immigration Appeals' (BIA)

decision affirming the Immigration Judge's (IJ) denial of his applications for

---

\*      This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. Reviewing the agency's factual findings for substantial evidence and its legal conclusions de novo, *see Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we deny the petition for review.

1.      Substantial evidence supports the agency's determinations that Vides Hernandez's proposed particular social groups— "Salvadorian males who have adopted all of the American customs the United States has to offer," "Salvadorians fearing recruitment efforts from the gangs of El Salvador," and "Young Salvadorian males"—lacked particularity and/or social distinction. We have previously rejected similar proposed social groups for the same reasons. *See, e.g., Reyes v. Lynch*, 842 F.3d 1125, 1139–40 (9th Cir. 2016) (affirming BIA's finding that proposed social group "deportees from the United States to El Salvador" lacked particularity); *Matter of S-E-G-*, 24 I & N. Dec. 579, 584, 588 (BIA 2008) (concluding that social group "Salvadoran youth who have been subjected to recruitment efforts by MS-13 and who have rejected or resisted membership in the gang based on their own personal, moral, and religious opposition to the gang's values and activities" lacked social visibility); *Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1164 (9th Cir. 2013) (noting that the particularity requirement considers whether the group's boundaries are too amorphous to be considered a social group). Because Vides Hernandez failed to establish a cognizable social group, he necessarily failed to establish

21-1241

eligibility for asylum or withholding of removal. *See Reyes*, 842 F.3d at 1132 n.3.

2. Substantial evidence supports the agency's denial of CAT relief because Vides Hernandez was not subject to past torture and there is no evidence that he faces a particularized risk of torture if returned to El Salvador. He presented no evidence that the gang members who killed one of his brothers in 2006 and threatened another in 2015 acted with the consent or acquiescence of any government official. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 891 (9th Cir. 2021) (record did not compel finding that petitioner will more likely than not experience torture by or with acquiescence of government official based on evidence that petitioner's uncle was killed for unspecified reasons and generalized violence in Honduras). Vides Hernandez acknowledges the Salvadorian authorities' efforts to remedy gang violence, but states they are generally ineffective. A showing of general ineffectiveness is not sufficient to compel a conclusion of government acquiescence under CAT. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

**PETITION DENIED.**