**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 27 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR MANUEL PEREZ, AKA Victor Perez, | No. 16-71918 |
| Petitioner, | Agency No. A087-446-901 |
| v. | MEMORANDUM[*] |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 14, 2019
Vacated October 7, 2019
Resubmitted April 20, 2020
Pasadena, California

Before: CALLAHAN and HURWITZ, Circuit Judges, and KORMAN,[**] District
Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

[**]      Pursuant to Ninth Circuit General Order 3.2.h, Judge Hurwitz was
drawn by lot to replace our late colleague Judge Raymond T. Fisher.  Judge
Hurwitz has reviewed the record and briefs in this case and listened to the oral
argument before the prior panel.

Victor Manuel Perez, a native and citizen of Mexico, petitions for review of a final order of removal issued by the Board of Immigration Appeals (BIA), denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). As the parties are familiar with the facts and procedural history, we do not recount them in detail here. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.[1]

1. An asylum or withholding applicant's burden includes (1) "demonstrating the existence of a cognizable particular social group," (2) "his membership in that particular social group," and (3) "a risk of persecution on account of his membership in the specified particular social group." *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (citation omitted). Perez argues that he is eligible for both asylum and withholding of removal based on his membership in the social groups of "partnered Mexican women and their children who are unable to leave their relationships" and "persons with severe and chronic mental illness in Mexico who exhibit erratic behavior." However, Perez did not raise these groups before either the immigration judge or the BIA. This court is barred "for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in

---

[1] We address Perez's request for compensation of counsel in our concurrently filed opinion, *Perez v. Barr*, __ F.3d __ (9th Cir. 2020).

administrative proceedings below." *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Considering only the claims raised below, the agency did not err in finding that Perez's proposed particular social groups were not cognizable for the purposes of asylum and withholding of removal. Specifically, the BIA did not err in rejecting Perez's proposed particular social group of "victims of domestic violence in Mexico" on the ground that such a group "is defined by the very persecution its members are avoiding, rather than by an independent immutable characteristic." *See Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 232 (B.I.A. 2014). Likewise, the BIA did not err in concluding that Perez's proposed social group of "persons with serious and chronic mental illness in Mexico" is insufficiently particular. *See Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1164 (9th Cir. 2013). Because Perez is unable to establish the existence of a cognizable particular social group to support his claims for asylum and withholding of removal, we uphold the agency's denial of his applications for such relief.

2. To obtain relief under the CAT, a petitioner must prove that it is more likely than not that he or she will be tortured in the country of removal. 8 C.F.R. § 1208.16(c)(2). The torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). We conclude that substantial evidence

3

supports the agency's findings that Perez did not experience harm rising to the level of torture in Mexico and that he has not established "it is 'more likely than not' that he [] will be tortured, and not simply persecuted," if returned to Mexico. *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001). The agency did not err in denying Perez's CAT claim.

The petition for review is **DENIED**.