**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 18 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YOSIRA REYES-FLORES,
ALLISON REYES-FLORES,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 18-70248

Agency Nos. A206 835 733,
A206 835 734

**MEMORANDUM**[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2020[**]
San Francisco, California

Before: THOMAS, Chief Circuit Judge, SCHROEDER, and BUMATAY, Circuit
Judges.[**]

Petitioners Yosira Reyes-Flores and her minor daughter, Allison Reyes-
Flores, citizens of El Salvador, petition for review of the Board of Immigration
Appeals' ("BIA") denial of their application for asylum, withholding of removal,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture ("CAT").[1]  We review questions of law de novo and factual findings for substantial evidence.  *Cui v. Mukasey*, 538 F.3d 1289, 1290 (9th Cir. 2008).  Because substantial evidence supports the BIA's decision, we deny the petition for review.

A particular social group must be: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question."  *Reyes v. Lynch*, 842 F.3d 1125, 1135 (9th Cir. 2016) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)).

Applying these criteria, the BIA rejected Reyes-Flores's proposed particular social group of "employed women in El Salvador who are opposed to gangs and extortion cast upon them and their families."  Citing the Immigration Judge's ("IJ") findings, the BIA held that her group was not particular in that it "could include persons of any age or background."  Likewise, the BIA found "the record evidence does not demonstrate that the proposed group possesses fundamental identifying characteristics which cause such individuals to be perceived as a distinct social group by Salvadoran society."

---

[1] Petitioners filed only one application, under Yosira Reyes-Flores's name, for asylum, withholding of removal, and protection under the CAT.  Accordingly, we discuss only Yosira's claims here.  *See Sumolang v. Holder*, 723 F.3d 1080, 1083 (9th Cir. 2013) (explaining that only asylum claims, and not claims for withholding of removal, allow for derivative beneficiaries); *see* 8 C.F.R. § 208.16 (making no provision for derivative claims under the CAT).

Substantial evidence supports the BIA's finding that Reyes-Flores's proposed social group lacks particularity. The proposed group of "employed women who oppose gangs and extortion" is diffuse, incorporating huge sections of the Salvadoran population without respect to their age, socioeconomic status, or background. We have rejected similar groups as lacking sufficient particularity. *See, e.g.*, *Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1164 (9th Cir. 2013) (per curiam) (rejecting proposed groups of "all disabled persons; all insulin-dependent diabetics; and all insulin-dependent diabetics who suffer from mental illnesses" because they included "large numbers of people with different conditions and in different circumstances" and "sweep up a large and disparate population"); *see also Reyes*, 842 F.3d at 1137–38.

The BIA's finding that Reyes-Flores's proposed group was not socially distinct also rests on substantial evidence. The BIA held that "the record evidence does not demonstrate that the proposed group possesses fundamental identifying characteristics which cause such individuals to be perceived as a distinct social group by Salvadoran society." Reyes-Flores's own statements support this assertion: she testified that the gangs "don't really even care" whom they extort, targeting "judges, officers, policemen. Everyone." Nothing in the record compels us to overturn the BIA's evidence-based determination that Reyes-Flores's group lacked social distinction. *See Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014).

Nor did Reyes-Flores exhaust any claim for a family-based particular social group below. We have no jurisdiction to consider arguments petitioner fails to raise before the agency. 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Though Reyes-Flores contends she intended to raise a family-based claim, she made no attempt to challenge the IJ's characterization of her group—which did not reference a family-based claim—before the BIA. In fact, nothing in Reyes-Flores's briefs could have reasonably placed the BIA on notice that, despite her continued characterization of her group as "employed females . . . who oppose gangs and extortion," she *actually* intended to raise a family-based group all along. This distinguishes her case from *Rios v. Lynch*, where the petitioner clearly pleaded persecution on the basis of a "vendetta against his family" before the IJ and BIA. 807 F.3d 1123, 1124, 1126 (9th Cir. 2015). Accordingly, we lack jurisdiction to consider Reyes-Flores's purported family-based claim.

Reyes-Flores's claims for withholding of removal and protection under the CAT also fail. Her failure to allege a cognizable particular social group makes her ineligible for withholding of removal. *Reyes*, 842 F.3d at 1132. Moreover, her claim for protection under the CAT fails since she could not demonstrate likely government consent or acquiescence to future torture. *Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009). As the BIA noted, Reyes-Flores's own testimony shows, at most, a "general ineffectiveness" on the part of Salvadoran authorities—

4

not "government complicity." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th

Cir. 2016).

The petition for review is **DENIED**.