**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

DARWIN EDIMAR ALVAREZ-
UMANZOR, DEYBIN EDIMAR
ALVAREZ-SANTOS, MAIRA
JACKELINE SANTOS-SANTOS,
ESCARLETH MICHELL ALVAREZ-
SANTOS,

        Petitioners,

v.

WILLIAM P. BARR, Attorney General,

        Respondent.

</td><td>

No.   19-71667

Agency Nos.    A206-793-461
                  A206-793-429
                  A206-793-430
                  A206-793-462


MEMORANDUM[*]

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2020[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: W. FLETCHER and IKUTA, Circuit Judges, and SCHREIER,[***] District Judge.

Darwin Edimar Alvarez-Umanzor, Maira Jackeline Santos-Santos, and their two minor children, Deybin Edimar Alvarez-Santos and Escarleth Michell Alvarez-Santos (Petitioners), are natives and citizens of El Salvador. They appeal the decision of the Board of Immigration Appeals (BIA) that affirmed the determination of the Immigration Judge (IJ) denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). This court has jurisdiction under 8 U.S.C. § 1252.

"We review denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (quoting *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (internal quotation omitted)).

The IJ found, and the BIA affirmed, that Petitioners' eligibility for asylum fails for two reasons: lack of particularity of the alleged social groups and lack of nexus between persecution and social group membership. A cognizable social group must be "(1) composed of members who share a common immutable

---

[***] The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1077 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). Petitioners must also demonstrate a nexus between social group membership and persecution. *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016).

Here, Petitioners presented what they claimed to be two cognizable social groups to the Immigration Judge: (1) "imputed members or imputed former members of the M-18 gang in El Salvador" and (2) "Salvadoran landowners forced to cooperate with gangs for the benefit of the gang causing imputed gang membership." Substantial evidence in the record shows that these social groups lack the particularity to be a discrete group of people that can be neatly described or identified. *See Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1165 (9th Cir. 2013). The notion of imputed gang membership is "amorphous and overbroad," especially in the context of widespread gang violence throughout El Salvador. Substantial evidence also supports the BIA's conclusion that "landowners forced to cooperate with gangs" was "too diverse" to qualify as a particular social group. And the BIA did not err in finding that there is no nexus between the persecution suffered by the petitioners and membership in these groups because Salvadoran citizens not in these groups were victimized in similar ways. Thus, the BIA's determination that

3

Petitioners are not members of a cognizable social group is supported by substantial evidence.

Petitioners contend that the BIA erred when it failed to address membership in a social group based upon Santos-Santos's gender. But the record indicates that Petitioners never presented this alleged gender-based social group to the IJ. Thus, the BIA correctly declined to address this issue.

The doctrines of waiver and forfeiture apply in the context of removal proceedings. *Honcharov v. Barr*, 924 F.3d 1293, 1296 (9th Cir. 2019). The BIA is "an appellate body whose function is to review, not create a record[.]" *Id.* (quoting *In re Fedorenko*, 19 I. & N. Dec. 57, 74 (B.I.A. 1984)). Petitioners failed to argue to the IJ that gender was a cognizable particular social group, and they failed to argue that there was a nexus between the persecution and Santos-Santos' gender. The BIA did not err when it declined to consider this newly alleged group on appeal.

**PETITION DENIED.**