NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FANNY NEREIDA PINEDA-BETANCOURT; et al.,<br><br>Petitioners,<br><br>v.<br><br>ROBERT M. WILKINSON, Acting Attorney General,<br><br>Respondent. | No.   18-72964<br><br>Agency Nos.   A208-266-894<br>A208-266-895<br>A208-266-884<br>A208-266-885<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 1, 2021**
Pasadena, California

Before:  GOULD, OWENS, and VANDYKE, Circuit Judges.

Petitioner Fanny Nereida Pineda-Betancourt ("Petitioner") and her three

minor children seek review of the Board of Immigration Appeals' dismissal of her

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

appeal.[1]  Petitioner argues that the Board erred in determining that she failed to establish past persecution and a well-founded fear of future persecution, in determining that the harm suffered was on account of a protected ground, and in denying her motion to remand.  We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.[2]

First, substantial evidence supports the agency's determination that Petitioner did not establish the requisite nexus between any feared harm and her membership in her proposed particular social group ("PSG"), comprised of family members of Petitioner's partner Jeraldo Hernandez.  *See Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018) ("We review denials of asylum [and] withholding of removal … for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." (internal quotation marks and citations omitted)).  The record does not compel a conclusion contrary to the BIA's determination that gangs targeted Petitioner and her late partner for money, rather than because of her proffered PSG.  *See Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014) (noting the substantial evidence "standard of review is extremely deferential: administrative findings of fact are conclusive unless any

[1] As the Board noted, the co-petitioners are derivative beneficiaries of their mother's asylum application, so all references to Petitioner herein will be to Fanny Nereida Pineda-Betancourt.

[2] The parties are familiar with the facts, so we do not repeat them here.

reasonable adjudicator would be compelled to conclude to the contrary" (internal quotation marks and citations omitted)). Petitioner concedes that gang members threatened her and her children because she would not submit to their extortion demands.[3] As the Board observed, the gangs only began targeting Petitioner after she assumed control of the shops. And the gangs also demanded extortion payments from her employees and other Honduran business owners, despite their lack of familial ties with her late partner. *See Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1165 (9th Cir. 2013) (per curiam) ("If someone suffers harm on grounds that are associated with group membership but also apply to many others, then the harm is not because of membership in a particular social group and there is no basis to conclude that the group members were intentionally targeted."). Because a missing nexus is dispositive of asylum and withholding of removal claims, we need not reach Petitioner's past and future persecution arguments. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017); *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of [the petitioner's] asylum and withholding of removal claims.");

---

[3] In her Notice of Appeal from the IJ's decision, Petitioner also concedes that the "family was targeted due to Respondent's husband being a successful businessman." Petitioner also testified that the gang's threats against her husband were "always for money."

8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i), 1231(b)(3)(A).[4]

Second, the Board did not abuse its discretion in denying Petitioner's motion to remand, which she styled in the alternative as a motion to reopen. *See Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014) ("We review the Board's denial of a motion to reopen for abuse of discretion."); *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013) ("We review the Board's denial of motions to remand for abuse of discretion."). Petitioner does not dispute that her evidence in support of her motion does not introduce previously unavailable evidence or support any nexus between Petitioner's alleged harm and a protected ground. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010); *Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) ("Aliens who seek to remand or reopen proceedings … bear a 'heavy burden' of proving that … the new evidence would likely change the result in the case." (citation omitted)); *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008) ("The formal requirements of a motion to remand and a motion to reopen are the same."); 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(1). The Board's denial was therefore not arbitrary, irrational, or contrary to law, and it appropriately acted within its discretion. *See Go*, 744 F.3d at 609 ("Under [the abuse of discretion] standard,

---

[4] Given the lack of nexus, we do not address whether Petitioner's proposed PSG of family members of her partner is cognizable in this case. *See Matter of L-E-A-*, 27 I. & N. Dec. 581, 582 (2019) (determining that "an alien's family-based group will not constitute a particular social group unless it has been shown to be socially distinct in the eyes of its society, not just those of its alleged persecutor").

the Board's decision may only be reversed if it is arbitrary, irrational, or contrary to law." (internal quotation marks and citation omitted)).[5]

**PETITION DENIED.**

---

[5] We do not address the agency's denial of protection under the Convention Against Torture because Petitioner did not raise that issue in her opening brief before this court. *Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) ("[B]ecause [Petitioner] did not raise his withholding-of-removal and CAT claim in his opening brief, we deem those issues waived.").