NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SILVIA GUADALUPE HERCULES-DE RODRIGUEZ; et al., | No. 18-72622 |
| Petitioners, | Agency Nos. A208-761-275 A208-761-264 A208-761-273 A208-761-274 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2021**
Pasadena, California

Before: O'SCANNLAIN, CALLAHAN, and OWENS, Circuit Judges.

Sylvia G. Hercules-De Rodriguez, Nestor Rodriguez Garcia, and their minor

children ("the Rodriguezes"), petition for review of the Board of Immigration

Appeals' ("BIA") denial of their applications for asylum and withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal. We review the BIA's legal conclusions de novo and its factual findings for substantial evidence. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

The Rodriguezes failed to challenge the BIA's denial of their withholding of removal claim in their opening brief. Thus, this claim is waived, and we do not reach the merits. *See Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013) ("Because [petitioner] does not address withholding . . . relief in his brief, he waived any objections to the denial of [this] request[].")

To establish a claim for asylum, the Rodriguezes must prove that "membership in a particular social group . . . was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). Substantial evidence supports the BIA's determination that the Rodriguezes were targeted for monetary gain and fear of arrest and not because of a nexus to their proposed particular social groups: (1) Salvadorans who were victims of crimes and who find themselves in danger because of their intervention in those crimes, and (2) for Sylvia and the children, family members of Nestor Rodriguez. First, although the gang members mentioned the police report, they also told the Rodriguezes to leave El Salvador and then threatened Nestor from returning, indicating that they targeted him because they feared arrest and his possible role in an investigation.

2

Second, there is no evidence that Sylvia or her children were harmed because they were "singled out" as Nestor's family, *Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019), and all subsequent threats were related to a debt, Sylvia's business, or directed only at Nestor. *See id.* ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." (citation omitted)).

Third, neither Sylvia nor Nestor's families have been harmed, despite numerous threats, and Sylvia testified that other businesses were also threatened and harassed by gang members. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743-44 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092-93 (9th Cir. 2013) (en banc); *Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1165 (9th Cir. 2013).

Because we deny the petition for review on nexus grounds, we do not address the other asylum issues raised on appeal. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of [petitioner's] asylum . . . claim[].").

The immigration court did not lack jurisdiction over this case. We recently held "that the jurisdiction of the immigration court vests upon the filing of an NTA [Notice to Appear], even one that does not at that time inform the alien of the time, date, and location of the hearing." *United States v. Bastide-Hernandez*, No. 19-

3

30006, 2021 WL 345581, at *2 (9th Cir. Feb. 2, 2021). Thus, because NTAs were properly filed here, "jurisdiction exist[ed] and vest[ed] with the immigration court." *Id.*

**PETITION FOR REVIEW DENIED**.