**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERSON ESTUARDO DEL CID-CHINCHILLA, AKA Jerson Estuardo, <br><br> Petitioner, <br><br> v. <br><br> ROBERT M. WILKINSON, Acting Attorney General, <br><br> Respondent. | No.  19-71173 <br><br> Agency No. A088-349-253 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 5, 2020
Portland, Oregon

Before: PAEZ and RAWLINSON, Circuit Judges, and PREGERSON,[**] District Judge.

Petitioner Jerson Estuardo Del Cid-Chinchilla ("Petitioner") petitions for

review of the Board of Immigration Appeals ("BIA")'s decision dismissing his

appeal of the Immigration Judge ("IJ")'s denial of a continuance and denial of his

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

applications for withholding of removal and for relief under the Convention

Against Torture Act ("CAT").  We have jurisdiction under 8 U.S.C. § 1252(a).  We

review questions of law de novo.  *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th

Cir. 2014).  Factual determinations are upheld "'if supported by reasonable,

substantial and probative evidence on the record as a whole.'"  *Mendoza-Alvarez v.

Holder*, 714 F.3d 1161, 1163 (9th Cir. 2013) (quoting *Tamang v. Holder*, 598 F.3d

1083, 1088 (9th Cir. 2010)).  For the reasons discussed below, we deny the petition

for review.

　　1.  Petitioner first contends that the agency abused its discretion in denying

and upholding his oral request for a continuance without discussing the factors

identified in *Ahmed v. Holder*, 569 F.3d 1009 (9th Cir. 2009).  We review the

denial of a continuance for an abuse of discretion.  *Id.* at 1012.  An IJ may grant a

continuance for "good cause shown."  8 C.F.R. § 1003.29.  A "decision to grant or

deny the continuance is within the sound discretion of the judge and will not be

overturned except on a showing of clear abuse."  *Ahmed*, 569 F.3d at 1012

(quotations and citations omitted).

　　While the agency did not cite to *Ahmed*, we conclude that the agency

conducted a proper inquiry into whether good cause existed in this case.  *See id.* at

1014.  The IJ noted that Petitioner had been in proceedings since 2013, had notice

of the merits hearing for approximately two years, failed to timely provide his new

attorney documents necessary to prepare for the merits hearing, and unreasonably failed to make a request for a continuance until the date of the merits hearing. *Id.* at 1012 ("When reviewing an IJ's denial of a continuance, we consider a number of factors, including: (1) the nature of the evidence excluded as a result of the denial of the continuance, (2) the reasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted."). On this record, the agency did not abuse its discretion in denying the continuance.

2. Second, Petitioner asserts that the BIA articulated and applied the incorrect standard of nexus for his withholding of removal claim. We agree that the BIA incorrectly articulated the standard of persecution required for asylum instead of the standard of persecution required for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358-60 (9th Cir. 2017) (explaining that for asylum eligibility, persecution "on account of" requires that the protected ground be "one central reason" for the persecution, whereas, for withholding of removal eligibility, the protected ground need only be "a reason" for the persecution). We also agree that the IJ failed to articulate the standard it applied in its withholding of removal analysis.

3

However, Petitioner has not shown he was prejudiced by these procedural errors. *See Vides–Vides v. INS*, 783 F.2d 1463, 1467 n.2 (9th Cir. 1986) (noting that the IJ erred in stating that petitioner did not hold a political opinion, but concluding the error was harmless because petitioner failed to show he would be singled out on account of his political opinion). Because the BIA agreed with and incorporated the findings of the IJ "while adding its own reasoning, [this Court will] review both decisions." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We conclude that the IJ's factual finding that there was no evidence of nexus is supported by substantial evidence, even under the correct standard.

3. Petitioner next challenges the agency's denial of his CAT claim. For protection under CAT, the applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Additionally, an applicant for CAT protection must show that the torture would occur "by or at the instigation of[,] or with the consent or acquiescence of[,] a public official or other person acting in an official capacity." *Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003) (citing 8 C.F.R. § 208.18(a)(1)). The IJ's factual finding that Petitioner could live in other parts of Guatemala without harm and that Petitioner had not submitted evidence of government acquiescence is supported by substantial evidence. *Al-Harbi v. INS*, 242 F.3d 882, 887 (9th Cir. 2001) (noting that where the BIA adopts the IJ's

4

findings, we review the IJ's decision).  Therefore, we conclude that substantial evidence supports the agency's denial of CAT relief.

**Petition for review DENIED.**