Bonilla v. Garland

BIA
Conroy, IJ
A201 127 178

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand twenty-one.

PRESENT:
> DEBRA ANN LIVINGSTON,
>> *Chief Judge,*
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

―――――――――――――――――――――――――――――――

DUREL JORDON BONILLA, A.K.A. BONILLA DUREL, A.K.A. BONILA DUREL,

> *Petitioner,*

> v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

20-1369
NAC

―――――――――――――――――――――――――――――――

FOR PETITIONER: Zoey Jones and Edward McCarthy, Brooklyn Defender Services,

Brooklyn, NY; Matthew T. Salzmann, Arnold & Porter Kaye Scholer LLP, New York, NY.

FOR RESPONDENT:    Brian Boynton, Acting Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; David Kim, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Durel Jordon Bonilla, a native and citizen of Belize, seeks review of an April 14, 2020, decision of the BIA affirming an October 17, 2019, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Durel Jordon Bonilla,* No. A 201 127 178 (B.I.A. Apr. 14, 2020), *aff'g* No. A 201 127 178 (Immig. Ct. N.Y. City Oct. 17, 2019). We assume the reader's familiarity with the record.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See*

2

8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency did not abuse its discretion in denying Bonilla asylum as an exercise of discretion. The agency considered the factors that favored a grant of asylum, including Bonilla's sixteen years in the United States, his lawful entrance into the country, and his pursuit of permanent residency since his mother's Violence Against Women Act application, as well as the negative factors of Bonilla's criminal history and failure to take responsibility for his actions. *See Wu Zheng Huang v. INS*, 436 F.3d 89, 98 (2d Cir. 2006) (explaining that a discretionary decision on asylum requires the agency to review the "totality of circumstances" by "balancing . . . favorable and adverse factors"). While Bonilla argues that the agency did not apply the correct standard of discretion in denying him asylum, *see Doherty v. U.S. Dep't of Justice, INS*, 908 F.2d 1108, 1120 (2d Cir. 1990) (drawing distinction between the "'discretion' to grant . . . adjustment of status" and the "'discretion' to grant asylum"), *rev'd on other grounds*, *INS v. Doherty*, 502 U.S. 314 (1992), both the BIA and the IJ thoroughly reviewed

3

the applicable factors, came to reasonable conclusions, and provided a "rational explanation" for the agency's decision, *see Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001).

Substantial evidence also supports the agency's denial of Bonilla's withholding of removal and CAT claims. As to Bonilla's sexual orientation, the IJ properly highlighted his concerns with Bonilla's inability to recall specific details about his relationships with men as well as Bonilla's failure to provide sufficient corroboration to support his identification as bisexual. The agency also properly concluded that Bonilla failed to show a pattern or practice of persecution of bisexual men in Belize; while the IJ acknowledged that Belizean law does not expressly prohibit discrimination based on sexual orientation, the agency reasonably found that the Belizean government is taking active steps to promote equality for the LGBTQ community, and that Bonilla's fear of persecution based on his sexual orientation was too speculative to support his application. Because we cannot say that any reasonable adjudicator would be "compelled" to conclude the contrary, *see Bah v. Mukasey*,

4

529 F.3d 99, 110 (2d Cir. 2008), we uphold the agency's factual determinations.

The agency also did not err in finding that "individuals in Belize who suffer visibly from disabilities or mental health problems" is not a cognizable social group for withholding of removal purposes. As the IJ explained, Bonilla's proposed group is not sufficiently particular because it lacks defined boundaries and covers an overly broad swath of illness. *See Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1164 (9th Cir. 2013) (finding that the petitioner's proposed group of "insulin-dependent persons with mental-health problems" was not sufficiently "particular"). While Bonilla claims that the agency ignored a qualifier in Bonilla's proposed social group — it only includes people who "suffer visibly" from physical or mental disabilities — nothing in the record suggests that the agency ignored or overlooked Bonilla's narrower definition, or that such qualification would change the agency's decision. *See* Cert. Admin. Rec. at 84 ("[U]nlike 'individuals with bipolar disorder who exhibit erratic behavior," [Bonilla]'s proposed group fails on particularity because it includes large

5

numbers of people, different conditions, and different severities of symptoms." (citing *Temu v. Holder*, 740 F.3d 887, 895 (4th Cir. 2014)).

Bonilla also argues that the agency applied a heightened government acquiescence standard by requiring Bonilla to prove "that *Belizean authorities would themselves* torture him" upon his return. Appellant's Br. at 46 (emphasis in original). Contrary to Bonilla's argument, the IJ expressly found that Bonilla was not only unlikely to "suffer harm rising to the level of torture" generally, but that Bonilla failed to show "that such harm would occur with the participation or acquiescence of the government." Cert. Admin. Rec. at 89.

We have considered all of Bonilla's remaining arguments and find them without merit. Accordingly, we DENY this petition for review. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6