**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANSELMO VERA VILLANUEVA, | No. 20-73326 |
| Petitioner, | Agency No. A095-789-771 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2022**
Pasadena, California

Before: IKUTA, NGUYEN, and OWENS, Circuit Judges.

Anselmo Vera Villanueva, a native and citizen of Mexico, seeks review of a

decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of a

decision of an Immigration Judge ("IJ") denying his applications for withholding

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

of removal and protection under the Convention Against Torture ("CAT").

Because the BIA affirmed the IJ's decision without opinion, we review the IJ's

decision as the final agency determination. *See Kasnecovic v. Gonzales*, 400 F.3d

812, 813 (9th Cir. 2005). We review factual findings for substantial evidence. *See*

*Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We have jurisdiction

under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the IJ's determination that the attack on Vera

Villanueva when he was fourteen years old did not "arise to the level of past

persecution," where the attackers ran away after Vera Villanueva said "I know

you," and where Vera Villanueva did not provide testimony or evidence regarding

his alleged injuries (or the severity of those injuries), other than the general phrase

that he was beaten. In making this determination, the IJ properly considered Vera

Villanueva's age at the time. *See Hernandez-Ortiz v. Gonzales*, 496 F.3d 1042,

1045 (9th Cir. 2007). Moreover, any harm Vera Villanueva suffered was to his

person, and not to his family. *Cf. id.* at 1046.

Substantial evidence supports the IJ's determination that Vera Villanueva

failed to establish any nexus between his alleged past persecution and a protected

ground. Because the attack in Mexico occurred before Vera Villanueva had

established his residence in the United States, the attack could not have been on

2

account of Vera Villanueva's proposed particular social group ("PSG") of "adult males repatriated to Mexico after long-term U.S. residence." Moreover, the IJ did not err in determining that the proposed PSG is too broad to be cognizable. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam) (holding that the proposed PSG of "'returning Mexicans from the United States[]' . . . is too broad to qualify as a cognizable social group"); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (holding that a proposed PSG of "imputed wealthy Americans" returning to Mexico "is not a discrete class of persons recognized by society as a particular social group").

Further, substantial evidence supports the IJ's finding that Vera Villanueva did not otherwise demonstrate "a clear probability of future persecution" on account of a protected ground, as required for his withholding claim. *Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1164 (9th Cir. 2013) (per curiam). Vera Villanueva's "claim based solely on general civil strife or widespread random violence is not sufficient to establish an objective fear of future persecution." *Don v. Gonzales*, 476 F.3d 738, 744 (9th Cir. 2007) (construing *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir. 2000)).

Substantial evidence also supports the IJ's determination that Vera Villanueva was ineligible for CAT relief because he failed to testify or offer any

evidence that he fears being tortured by or with the consent or acquiescence of a public official or a person acting in an official capacity if he is returned to Mexico. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). On appeal, Vera Villanueva again fails to specify evidence that supports his claim.

**PETITION DENIED.**