**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUANA ANTONIO FRANCISCO; RICARDO ANDRES ANTONIO; PELEGRINA ANDRES ANTONIO; JESICA ANTONIO FRANCISCO; JUANA ANDRES ANTONIO; SEBASTIANA ANDRES ANTONIO, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-879 <br><br> Agency Nos. <br> A208-311-660 <br> A208-311-661 <br> A208-311-662 <br> A208-311-663 <br> A216-217-501 <br> A216-217-502 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2023[**]
Pasadena, California

Before: N.R. SMITH, LEE, and VANDYKE, Circuit Judges.

Juana Antonio Francisco, a native and citizen of Guatemala, seeks review

of a Board of Immigration Appeals (BIA) decision affirming the Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Judge's (IJ) denial of her request for relief from deportation under asylum, withholding of removal, and the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252. The petition for review is denied.

Francisco is a member of the indigenous Kanjobal tribe in Guatemala. She entered the United States without valid immigration documentation on August 16, 2015, with some of her children, including one with a congenital heart condition. Almost two years after her arrival, Francisco applied for asylum, withholding of removal, and CAT protection.

The IJ concluded that the asylum filing was untimely and that Francisco did not qualify for an exception to the one-year filing rule based on changed or extraordinary circumstances. The IJ alternatively reached the merits of the asylum and withholding claims, concluding that Francisco had not established past persecution, a well-founded fear of future persecution, or any nexus to a protected ground. For the same reasons, the IJ found her CAT claim failed. On appeal, the BIA affirmed the IJ's decision.

This court reviews the agency's legal conclusions de novo and its factual findings for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

First, Francisco argues that the agency had no jurisdiction over the removal proceedings because the Notices to Appear (NTAs) did not include the date, time,

---

[1] In addition to relief for herself, Francisco seeks relief on behalf of five of her children as derivative beneficiaries.

or location of an initial hearing. Francisco and her children initially received NTAs ordering their appearance "at a place and time to be determined," or a date "to be set," but the immigration court later provided the particular date, time, and place of the hearings. In a nearly identical case, the Ninth Circuit ruled en banc that an NTA lacking the time and date of a petitioner's removal hearing was still sufficient to vest subject-matter jurisdiction in an immigration court. *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1194 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 755 (2023). If the details are not included in the initial NTA, the immigration court is required by statute to subsequently provide notice to the parties. 8 C.F.R. § 1003.18(b). Here, Francisco and her children were notified of the details in subsequent communications. All appeared at the proper time and place. Accordingly, the agency properly exercised jurisdiction in this case.

Second, Francisco argues that the agency erred in concluding (1) that she and her children established neither past persecution nor likelihood of future harm, and (2) that her claims also failed on nexus grounds. Francisco's only allegation of past persecution arises from her daughter's medical care in Guatemala.[2] "Persecution is an extreme concept," *Ghaly v. I.N.S.*, 58 F.3d 1425, 1431 (9th Cir. 1995) (internal quotation marks and citation omitted), and

---

[2] In Guatemala, Francisco's daughter had been treated by doctors at a local clinic, but the medication she was prescribed either "didn't help her," or only helped "for two or three months." The local doctors referred the daughter to Guatemala City for surgery—a trip that was allegedly prohibitively expensive for Francisco. After arriving in the United States, her daughter received heart valve surgery at a children's hospital in San Diego.

Francisco's family's challenges with the medical system in Guatemala are attributable to her lack of education and limited funds. Francisco fails to present evidence of anything more than an "inadequate healthcare system" or "[g]eneralized economic disadvantage," neither of which rise to the level of persecution. *Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1165 (9th Cir. 2013) (per curiam); *Castro-Martinez v. Holder*, 674 F.3d 1073, 1082 (9th Cir. 2011), *overruled in part by Bringas-Rodriguez v. Sessions*, 850 F.3d 1051 (9th Cir. 2017) (en banc). The record does not compel this panel to conclude otherwise.

Francisco also fails to provide objective evidence supporting a reasonable fear of future persecution. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1064–65 (9th Cir. 2003). Francisco presents (1) a general fear of kidnapping but no "individualized risk," *see Tampubolon v. Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010); (2) an unsupported assertion that her daughter "will die in Guatemala," even though she received the surgery she needed in the United States; and (3) an unsupported claim that there are no Kanjobal interpreters in Guatemala City, which will make accessing healthcare difficult. Because unsupported assertions do not constitute evidence, *see I.N.S. v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984), Francisco falls short of the required "well-founded fear of future persecution." *Melkonian*, 320 F.3d at 1068.

Francisco's claims also lack a "nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). She fails to present evidence that her potential exposure to general crime and violence in Guatemala is tied to her

Kanjobal identity; likewise, her daughter's ineffective medical care is not linked to ill motive or targeting on the basis of this proposed particular social group. Francisco herself suggests that she could have accessed appropriate medical care in Guatemala if she had an education and adequate funds.

As to the CAT claim, s*ee Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020), Francisco raised the issue before the IJ and BIA but failed to establish eligibility for protection. But she did not substantively address the issue in her briefing here on appeal. Even assuming she did not forfeit the claim, however, the agency's conclusion that Francisco was not eligible for CAT relief is supported by substantial evidence. For example, Francisco admitted to the BIA that she had not been tortured in the past, and her fear of future harm to her and her children is based only on general country conditions. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

Finally, Francisco makes the conclusory argument that the agency violated her family's due process rights due to bias. Francisco provides no support for these statements and fails to meaningfully articulate any actual error or prejudice. *See Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022). Such a broad, unsupported allegation provides no basis for overturning the agency's determination.

For these reasons, the petition for review is **DENIED**.