NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALDO ALBERTO JARAMILLO REGALADO,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-2575<br>Agency No.<br>A215-856-020<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2025**
Pasadena, California

Before: GOULD, BEA, and BADE, Circuit Judges.

Petitioner Aldo Alberto Jaramillo Regalado ("Jaramillo Regalado") is a

native and citizen of Mexico who seeks review of a decision of the Board of

Immigration Appeals ("BIA") denying his motion to reopen his immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

proceedings based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part and dismiss the petition in part.

We review BIA decisions on a motion to reopen for abuse of discretion. *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir. 2002). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Tadevosyan v. Holder*, 743 F.3d 1250, 1252-53 (9th Cir. 2014) (internal quotation marks and citation omitted). We review claims of ineffective assistance of counsel de novo. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review findings of fact regarding counsel's performance for substantial evidence. *Lin v. Ashcroft*, 377 F.3d 1014, 1024 (9th Cir. 2004). We have "jurisdiction to review the [BIA's] denial of a motion to reopen *sua sponte* 'for the limited purpose of determining whether the [BIA] based its decision on legal or constitutional error.'" *Li v. Bondi*, 139 F.4th 1113, 1120 (9th Cir. 2025) (quoting *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016)).

1. Jaramillo Regalado does not dispute that his motion was untimely filed. Instead, Jaramillo Regalado claims the statutory filing deadline for his motion should be equitably tolled based on the ineffective assistance of his counsel, Erick Garcia Hernandez ("Garcia Hernandez"). *Iturribarria v. INS*, 321 F.3d 889, 898-99 (9th Cir. 2003) (equitable tolling applies in ineffective assistance of counsel

cases). To bring a motion to reopen immigration proceedings based on ineffective assistance of counsel, Jaramillo Regalado must comply with the procedural requirements of *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988). *Reyes v. Ashcroft*, 358 F.3d 592, 596 (9th Cir. 2004).

2. The BIA erred when it denied Jaramillo Regalado's motion to reopen based on ineffective assistance of counsel before the Ninth Circuit. *See Li*, 139 F.4th at 1123 (BIA has authority to review ineffective assistance claims involving conduct before the Ninth Circuit). If the BIA's decision ended there, the BIA would have abused its discretion. However, unlike *Li*, the BIA proceeded to analyze whether Jaramillo Regalado complied with *Lozada*'s procedural requirements. *Contra id*. at 1127. The BIA correctly concluded that Jaramillo Regalado failed to comply with *Lozada*'s requirements.

3. Jaramillo Regalado does not contest that he did not notify Garcia Hernandez of his allegations against him and allow him an opportunity to respond. Jaramillo Regalado's failure to contact Garcia Hernandez is "significant" because "the notice requirement provides a mechanism by which the [immigration judge] may more accurately assess the merits of a petitioner's ineffective assistance claim." *Reyes*, 358 F.3d at 599. However, strict compliance with *Lozada* is not always required when the record shows an obvious case of ineffectiveness of counsel. *See Guan v. Barr*, 925 F.3d 1022, 1033 (9th Cir. 2019). Although Garcia

Hernandez's failure to file an appeal to the Ninth Circuit creates a presumption of prejudice, *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000), Jaramillo Regalado still "must show plausible grounds for relief." *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (internal quotation marks and citation omitted).

4. The record does not support Jaramillo Regalado's claim that Garcia Hernandez's failure to file the opening brief in the Ninth Circuit prejudiced his claim. To qualify for asylum and withholding of removal, Jaramillo Regalado must establish persecution or future harm respectively on account of a protected ground. 8 U.S.C. § 1158(b)(1)(B)(i) (asylum); 8 U.S.C. § 1231(b)(3)(A) (withholding of removal). Jaramillo Regalado's proposed particular social groups, which can be summarized as men who face gang violence, are not sufficiently distinct such that Mexican society would recognize them as discrete classes of persons. *See Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1164 (9th Cir. 2013) (all disabled persons not a particular social group). Further, Jaramillo Regalado admits that his family was targeted because Los Zetas "wanted their land," not because the gang wanted to recruit them. Finally, Jaramillo Regalado's relocation prospects in Mexico are significant as the gang threatened his family to acquire their land in Michoacán. This determination is fatal to his asylum and withholding of removal claim. *See Hussain v. Rosen*, 985 F.3d 634, 648-49 (9th Cir. 2021) (applicant is

4                                                      23-2575

ineligible for asylum if he can relocate to another part of the applicant's country of nationality); *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (withholding of removal requires either past or future persecution).

5. For similar reasons, Jaramillo Regalado does not qualify for Convention Against Torture ("CAT") protection due to his relocation possibilities. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 893 (9th Cir. 2020) (affirming denial of CAT relief where substantial evidence supported conclusion that alien could relocate within Mexico to avoid any future torture). Jaramillo Regalado also does not qualify for CAT protection because there is no evidence in the record that the Mexican government would not protect him from torture. *Arrey v. Barr*, 916 F.3d 1149, 1160 (9th Cir. 2019) ("The torture must be by government officials or private actors with government acquiescence."). Therefore, the BIA did not abuse its discretion in denying his motion to reopen based on ineffective assistance of counsel.

6. The BIA did not abuse its discretion in denying Jaramillo Regalado's motion due to his failure to comply with procedural requirements for bringing a motion to reopen. Jaramillo Regalado's motion to reopen was required to "state the new facts that will be proven at a hearing to be held if the motion [was] granted and [] be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). To reopen to apply for asylum and withholding of removal,

5                                                      23-2575

Jaramillo Regalado was required to demonstrate a change in country conditions in Mexico at the time of his previous hearing and those at the time of his motion to reopen. Jaramillo Regalado did not provide any additional evidence. *Contra Salim v. Lynch*, 831 F.3d 1133, 1136-37 (9th Cir. 2016) (remanding BIA decision denying Petitioner's motion to reopen based on changed country conditions because Petitioner "submitted over 100 pages of evidence documenting the rising violence against Indonesian Christian communities"). Therefore, the BIA's incorrect conclusion that Jaramillo Regalado needed to submit an updated asylum application to reopen his immigration proceedings is harmless. As for Jaramillo Regalado's motion to apply for cancellation of removal, it "must [have been] accompanied by the appropriate application for relief and all supporting documentation." 8 C.F.R. § 1003.2(c)(1).[1] Jaramillo Regalado did neither. Jaramillo Regalado admits that he did not submit an application for cancellation of removal. The sole evidence in support of Jaramillo Regalado's motion is his declaration detailing his daughter's medical condition. Jaramillo Regalado's wife's declaration does not mention any medical challenges for their daughter. That is insufficient. *See Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088-89

---

[1] Jaramillo Regalado claims his motion to reopen did not include cancellation of removal. However, his motion to reopen emphasizes the "extreme hardship" his wife and daughter will experience should he be deported, which is a statutory requirement for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(D).

(9th Cir. 2015) (the hardship standard for cancellation of removal is stringent and the mere fact that the applicant has a qualifying relative is insufficient).

7. The BIA did not abuse its discretion in denying sua sponte reopening because there is no incorrect legal premise in the BIA's decision to deny sua sponte relief. The BIA determined that Jaramillo Regalado "has not identified and documented heightened hardship beyond that which would normally be expected to occur upon the removal of a family member, as he has provided no evidence regarding the nature and severity of his daughter's illness aside from his affidavit." The BIA did not state that it lacked authority to grant Jaramillo Regalado's request or consider the merits of Jaramillo Regalado's motion. *Lona v. Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020). "Because the BIA's decision evinces no misunderstanding of the agency's broad discretion to grant or deny sua sponte relief—that is, the BIA 'exercise[d] its authority against the correct legal background'—there is nothing left for us to review." *Id.* at 1235 (quoting *Bonilla*, 840 F.3d at 588, 592).

**PETITION DENIED IN PART AND DISMISSED IN PART.[2]**

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal, Dkt. 3, is otherwise denied.

23-2575