NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORENA VAZQUEZ-TRUJILLO, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 22-1280 <br><br> Agency No. A208-305-038 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2026[**]
Pasadena, California

Before: FRIEDLAND and MILLER, Circuit Judges, and SCARSI,[***] District Judge.

Petitioner Lorena Vazquez-Trujillo, a native and citizen of Mexico, petitions

for review of a decision by the Board of Immigration Appeals ("BIA") upholding an

Immigration Judge's ("IJ") denial of her applications for asylum, withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Mark C. Scarsi, United States District Judge for the Central District of California, sitting by designation.

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the agency's legal conclusions, including whether a proposed particular social group is cognizable, de novo. *Macedo Templos v. Wilkinson*, 987 F.3d 877, 879 (9th Cir. 2021). We review the agency's findings of fact for substantial evidence. *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). Under substantial evidence review, "factual findings are 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024) (quoting *Flores Molina*, 37 F.4th at 632).

1. We agree with the agency that Petitioner's proposed social group of "women of low socio-economic status" is not cognizable. To be eligible for asylum and withholding of removal, Petitioner must establish her membership in a particular social group that is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (internal quotation marks omitted). The agency concluded that Petitioner's proposed social group is neither defined with particularity nor socially distinct.

With respect to particularity, we agree with the agency that there is not "a clear benchmark for determining who falls within" Petitioner's proposed social group, and that the group fails to "be discrete and have definable boundaries." *Macedo Templos*,

987 F.3d at 882 (internal quotation marks omitted). Although "the size and breadth of a group alone does not preclude a group from qualifying as [a particular] social group," *Perdomo v. Holder*, 611 F.3d 662, 669 (9th Cir. 2010), a petitioner must demonstrate that the "group's boundaries are [not] so amorphous that it cannot be considered a social group." *Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1164 (9th Cir. 2013) (internal quotation marks omitted). Here, what it means to be of "low socio-economic status" is uncertain. Accordingly, Petitioner's proposed social group is too amorphous to meet the particularity requirement. *See, e.g.*, *Macedo Templos*, 987 F.3d at 882 (rejecting proposed social group of wealthy business owners "because it could include . . . various cross-sections of a community"); *Mendoza-Alvarez*, 714 F.3d at 1164 (concluding proposed social group of "[i]ndividuals who need but cannot obtain life-sustaining medication, including insulin, because of poverty, inability to work, or lack of insurance" was not particular because it swept up "people with different conditions and in different circumstances"); *see also Li v. INS*, 92 F.3d 985, 987 (9th Cir. 1996) ("Populations whose only common characteristic is their low economic status do not form a social group for asylum purposes.").

Nor does the record compel a conclusion that women of low socio-economic status are perceived as a distinct group in Mexico. *See Conde Quevedo*, 947 F.3d at 1242 ("The BIA's conclusion regarding social distinction . . . is a question of fact

that we review for substantial evidence."); *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180–81 (9th Cir. 2021) ("[S]ocial distinction requires evidence showing that society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group." (internal quotation marks omitted)).[1]

2. Because Petitioner did not show that she was a member of a cognizable particular social group, we do not address the BIA's alternative holding that she failed to establish that the Mexican government is unable or unwilling to control the private actor she fears. *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (recognizing that applicants for asylum and withholding must establish "the existence of a cognizable particular social group" (internal quotation marks omitted)).

3. Finally, substantial evidence supports the agency's denial of CAT protection. The evidence does not compel the conclusion that Petitioner more likely than not will suffer harm "inflicted by" the Mexican government "or at the instigation of or with the consent or acquiescence of a public official or other person

---

[1] In her supplemental letter brief, Petitioner also argues that the agency erred by failing to consider the particular social group she proposed. Petitioner contends that the agency limited its analysis merely to "socio-economic status" and did not consider her proposed social group in its entirety, "women of low socio-economic status." Petitioner forfeited this argument by failing to develop it in her opening brief. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021). Even had Petitioner not forfeited this argument, it would be unavailing. The agency plainly acknowledged that Petitioner's proposed social group comprised "women of low socio-economic status" and analyzed it accordingly.

acting in an official capacity." *Singh v. Whitaker*, 914 F.3d 654, 662 (9th Cir. 2019) (internal quotation marks omitted).

Petition **DENIED**.[2]

---

[2] The temporary administrative stay of removal is lifted, and the motion to stay removal, Dkt. No. 2, is denied.