**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 22 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ALEXANDER DIAZ, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-2590 <br><br> Agency No. A205-941-313 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2026**
Pasadena, California

Before: LEE, BUMATAY, and SUNG, Circuit Judges.

Jose Alexander Diaz petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") decision denying Diaz (1) asylum, (2) withholding of removal, and (3) protection under the

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Where, as here, the BIA affirms the IJ's decision without citing *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), our "review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Joseph v. Holder*, 600 F.3d 1235, 1239 (9th Cir. 2010) (simplified). We review the Board's legal conclusions de novo, and its factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (citations omitted). We deny the petition.

1. Diaz forfeited his asylum claim. An applicant for asylum must file his or her asylum application "within 1 year of the date of the alien's arrival in the United States" unless he or she qualifies for an exception. 8 C.F.R. § 1208.4(a)(2)(i). The IJ denied Diaz's asylum application as time-barred. Diaz neither challenged this decision in his brief before the BIA, nor in his brief before this court. We thus deny the petition on this issue.

2. Substantial evidence supports the BIA's denial of withholding of removal. To qualify for withholding of removal, an applicant must demonstrate a "clear probability," *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021), that "his or her life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion," 8 C.F.R. § 208.16(b). Diaz's proposed social group— "Salvadoran business owners who are targeted by criminal gangs"—is not

cognizable. That proposed group encompasses *any* business owner in El Salvador who gangs seek to extort for financial gain, and thus "could include large swaths of people and various cross-sections of a community." *Macedo Templos v. Wilkinson*, 987 F.3d 877, 882 (9th Cir. 2021). So Diaz's proposed social group lacks particularity. *See Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1164 (9th Cir. 2013).

Before the BIA, Diaz also argued that his life or freedom would be threatened because of his political opinion. But the BIA refused to reach that issue, deeming it raised for the first time on appeal. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam). Although Diaz checked the "political opinion" box on his application, he did not introduce any evidence—or even make any argument— regarding political opinion before the IJ. In fact, in his interview with the asylum officer, Diaz explained that he did not believe he would be "threatened or harmed in El Salvador for a political opinion." So the BIA did not err in concluding that Diaz did not raise political opinion persecution before the IJ. We therefore deny the petition on this issue.

3. Diaz also forfeited his claim for CAT protection. An applicant seeking CAT protection must show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). And he or she must also establish that the torture will be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an

3                                                          25-2590

official capacity or other person acting in an official capacity." *Id.* § 1208.18(a)(1). The IJ denied CAT protection on both grounds. But before the BIA and before this court, Diaz challenged only the IJ's acquiescence determination. Because Diaz did not respond to the IJ's findings that he was not more likely than not to be tortured if returned to El Salvador, he has forfeited his CAT claim. So we deny the petition on this issue.

4. The BIA's failure to address the IJ's denial of a continuance was harmless error. We apply "the rule of prejudicial error" when "reviewing immigration agency decisions." *Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021). Under that rule, Diaz must show that he suffered prejudice because of the BIA's error. *See id.* Diaz fails that requirement. Before the BIA, he merely alleged that there was "good cause" for a continuance because his son "could benefit from applying for asylum." But he does not attempt to explain why the denial prejudiced him. Accordingly, we deny the petition on this issue.

**PETITION DENIED.**[1]

---

[1] Petitioner's Motion to Stay Removal (Dkt. 6) is denied as moot.